UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,

    Plaintiff,

v.

                                                                            Case No.

KATERYNA PANOVA, *et ano.*,

    Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Rubic, LLC and Kateryna Panova submit this Notice of Removal of the state court action described below to this Court and in support thereof states as follows:

### Background

1. On December 12, 2023, Plaintiff Aleksey Tovarian instituted this action against Defendants in the Nineteenth Judicial Circuit Court in and for Martin County, Florida, as Case No. 2023-CA-1535.

2. On or about January 11, 2024, Ms. Panova was served with a copy of the summonses and Complaint. Ms. Panova is the owner of Defendant Rubic, LLC.

3. Prior to filing this notice of removal, on January 30, 2024, Defendants filed a motion for extension of time to respond to the Complaint.

4. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. Apart from Defendants' motion for extension of time, no further proceedings have occurred in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida as of the date of filing this removal.

6. All state court papers served on Defendants or filed in the state court action at the time of removal are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* State Court Docket, attached as **Exhibit A**.

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

8. 28 U.S.C. § 1441(a) provides, in relevant part, that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States. 28 U.S.C. § 1332(a)(1) states that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Here, Plaintiff alleges that he is an attorney licensed to practice in California and who is domiciled in California. Compl. ¶¶ 2–3.

10. Plaintiff further alleges that Defendant Kateryna Panova is a resident of Martin County, Florida. Compl. ¶ 4. As set forth in the attached Declaration of Kateryna Panova ("Panova Decl."), however, Ms. Panova is domiciled in and a citizen of North Carolina. Panova Decl. ¶¶ 3–6, attached as **Exhibit B**. As such, Ms. Panova is diverse from Plaintiff. *See Postell v. Ryder Truck Rental, Inc.*, 512 F. App'x 977, 980 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("for natural persons, a complaint must allege the parties' citizenship, which is their domicile.").

11. Defendant Rubic, LLC is a limited liability company organized in the State of Florida. Compl. ¶ 5. Rubic's citizenship is determined by the citizenship of each of its members.

*Silver Crown Invs., LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). That is, for purposes of diversity jurisdiction, a limited liability company's state of formation and principal place of business are irrelevant. *See Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303-04 (S.D. Fla. 2016) (explaining that allegations concerning the state of formation and principal place of business are inadequate to determine diversity jurisdiction where party is a limited liability company). Ms. Panova—who is domiciled in and a citizen of North Carolina—is the sole owner and member of Rubic. Panova Decl. ¶ 2.

12. Thus, diversity of citizenship exists between Plaintiff and Defendants. *See Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2))

**Amount in Controversy**

13. Plaintiff's Complaint seeks injunctive relief and damages in excess of $50,000, which is the threshold for obtaining jurisdiction in Circuit Court. Compl. ¶ 1; § 34.01(1)(c), Fla. Stat.

14. Because the Complaint does not seek a specific amount of damages, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To establish the amount in controversy by a preponderance of the evidence, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755

15. If the complaint is not removable on its face, the thirty-day time period starts to run from the receipt of an amended pleading, motion, order, or "other paper" from which the defendant can first ascertain that the case is removable. 28 U.S.C. § 1446(b)(3). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lamberston v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citation omitted); *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. 2010) ("responses to requests for admission, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)"); *see generally* Wright & Miller, Federal Practice and Procedure § 3731, at 524, 545 ("[F]ederal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope ... [including] correspondence between the parties and their attorneys or between the attorneys.").

16. Here, the civil cover sheet filed with the Complaint asserts that Plaintiff seeks damages in excess of $100,000. Although the civil cover sheet is not necessarily determinative of the amount in controversy, *see Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 n. 6 (M.D. Fla. Dec. 17, 2020), defense counsel confirmed via email with Plaintiff's counsel that Plaintiff does indeed seek in excess of $100,000 in this case. *See* Declaration of James M. Slater ¶¶ 3–4, attached as **Exhibit C**.

17. Accordingly, Defendants have received an "other paper" after the filing of the Complaint satisfying the requisite amount in controversy for purposes of removal.

### Removal is Proper

18. As set forth above, this action is one over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and amount in controversy, and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

19. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is removed: the Nineteenth Judicial Circuit Court in and for Martin County, Florida. *See* 28 U.S.C. § 89(c).

20. This notice of removal is being filed within 30 days of service of the Complaint—January 11, 2024—and receiving an "other paper"—on January 31, 2024 when counsel confirmed the amount in controversy exceeded the jurisdictional threshold.

## Notice

21. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, through his attorneys, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit D**. A duplicate copy of this Notice of Removal will be filed with the Clerk of the Martin County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

22. By filing this Notice of Removal, Defendants do not waive any defenses, rights, or objections; nor does he concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, Defendants Kateryna Panova and Rubic, LLC remove the above-captioned case to the United States District Court for the Southern District of Florida.

Dated: February 9, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Defendants*

## **Certificate of Service**

I hereby certify that a true and correct copy of this Notice of Removal was served this 9th day of February 2024 on Plaintiff's counsel via email:

Maurice Arcadier
Arcadier, Biggie, and Wood, PLLC
2815 W. New Haven #304
Melbourne, Florida 32904
Arcadier@ABWlegal.com

                                                    **James M. Slater**
                                                    James M. Slater