UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                                      CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC, and
KATERYNA PANOVA,
    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, ALEKSEY TOVARIAN, by and through the undersigned attorney files this Complaint against the Defendants, KATERYNA PANOVA,(hereinafter "PANOVA") RUBIC, LLC and JOHN DOE (collectively "DEFENDANTS") and alleges the following:

1. This is a Complaint seeking damages above $50,000.00 and injunctive relief.

2. The PLAINTIFF is a California Resident.

3. PLAINTIFF is a licensed California Attorney in good standing with the California Bar.

4. The Defendant, KATERYNA PANOVA is a resident of Charlottee, N.C. and damaged the Plaintiff in Martin County, Florida.

5. The Defendant, RUBIC, LLC is Florida Limited liability Company doing business in Florida.

6. The DEFENDANTS have defamed PLAINTIFF in an online article accusing and falsely stating that PLAINTIFF is engaged in kickbacks from TeachBK for alleged clients which TeachBK allegedly refers.  (See Exhibit A).

7. These statements were published by PANOVA on RUBIC, LLC for the public to see. The location of the article is at: https://rubic.us/otzyvy-o-teachbk-moshenniki-prodayut-kradennye-mashiny-shantazhiruyut/.

8. These statements are false because the DEFENDANTS wrongly suggests that the PLAINTIFF is in violation of law and engaged in unethical conduct.

9. The article was published on or about June 20, 2023. Every day the article is republished it continues to cause harm.

10. Defendants PANOVA and RUBIC, LLC are bloggers and are considered Media pursuant to law.

11. PLAINTIFF is a private citizen and has not taken on the role of a public official and/or public figure.

12. The statements are clearly made in an attempt to paint PLAINTIFF in a false light such that readers are led to believe that he is an unethical attorney.

13. The allegations and insinuations that PLAINTIFF is engaged in kickbacks is both fallacious and demonstrably inaccurate.

14. These false statements were made intentionally and with malice by the DEFENDANTS to damage the PLAINTIFF.

15. The purpose of DEFENDANTS to defame PLAINTIFF is malicious and made for pecuniary gain.

16. The statements levied against PLAINTIFF give rise to claims for: (a)defamation; (b)defamation per se, and (c) defamation by implication.

17. The Article published by PANOVA intended to reach views World Wide, including Martin County.

18. PLAINTIFF'S clients reside in the United States. In addition, PLAINTIFF is a licensed attorney specializing in immigration law and has clients throughout the world.

19. DEFENDANTS' false publication is in the Russian language, intending to target PLAINTIFF'S Russian and Eastern European clientele to hinder PLAINTIFF'S ability to market his services to Russian speaking clients and potential clients.

20. A primary source of PLAINTIFF'S income as a professional derives from Russian speaking clientele.

21. Plaintiff has complied with all conditions precedent including providing a retraction opportunity pursuant to Fla Stat. § 772.11.

### COUNT I DEFAMATION (Against Kateryna Panova)

22. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

23. PANOVA, has defamed PLAINTIFF in an online article accusing and falsely stating that PLAINTIFF is engaged in kickbacks with TeachBK for alleged clients which TeachBK allegedly refers.  (See Exhibit A).

24. The following libelous statement made in Exhibit A are false including but not limited to: "TeachBK offers immigration advice, a guarantor in the US for money, sells cars to refugees in Mexico (to cross the US border - was relevant before the advent of the CBP One app), visa assistance, and they also send immigrants to **ONE** immigration lawyer, for which [PLAINTIFF] received a percentage."

25. These statements published by PANOVA was intended to reach views World Wide, including Martin County.

26. These statements are false because PANOVA wrongly suggests that the PLAINTIFF is in violation of law and the ethical requirements of the California Bar.

27. The false allegation that Plaintiff is receiving kickbacks from other sources, if true, would be a direct violation of Plaintiff's law license. In particular, California ethics rule 8.4(c). Moreover,1.8.6 which states: "A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client."

28. DEFENDANTS' false publication is in the Russian language, intending to target PLAINTIFF'S Russian and Eastern European clientele to hinder PLAINTIFF'S ability to market his services to Russian speaking clients and potential clients. (See Attached Exhibit A)

29. A primary source of PLAINTIFF'S income as a professional derives from Russian speaking clientele.

30. PLAINTIFF'S clients reside in the United States and in the World. PLAINTIFF is an attorney specializing in immigration law and has clients throughout the world.

31. In Florida, defamation is an illegal act under Florida Statute 836.01 punishable as a first-degree misdemeanor pursuant to Florida Statute 775.082.

32. These false statements were made intentionally and with malice by PANOVA to damage PLAINTIFF.

33. PLAINTIFF'S professional reputation has been damaged.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, as follows:

   a) Damages for defamation;

   b) Injunctive Relief;

   c) Punitive Relief;

d) Such other relief as the Court deems just and equitable.

## COUNT II DEFAMATION PER SE
## (Against Kateryna Panova)

34. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

35. The false statement, made by PANOVA, attacks PLAINTIFF as an attorney because it would be illegal for an attorney to pay kickbacks to non-attorneys for receiving a referral.

36. PANOVA's false publication is in the Russian language, intending to target PLAINTIFF'S Russian and Eastern European clientele to hinder PLAINTIFF'S ability to market his services to Russian speaking clients and potential clients.

37. A primary source of PLAINTIFF'S income as a professional derives from Russian speaking clientele.

38. The statements made by PANOVA (Exhibit A) are so injurious to the reputation of the PLAINTIFF that damages and malice are presumed to exist as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant, as follows:

a) Damages for defamation;

b) Injunctive Relief;

c) Punitive Relief;

d) Such other relief as the Court deems just and equitable

## COUNT III DEFAMATION (Against Rubic LLC )

39. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

40. RUBIC, LLC has defamed PLAINTIFF in an online article accusing and falsely stating that PLAINTIFF is paying kickbacks to TeachBK for alleged clients which TeachBK allegedly refers.  (See Exhibit A).

41. The following libelous statement made in Exhibit A are false including but not limited to: "TeachBK offers immigration advice, a guarantor in the US for money, sells cars to refugees in Mexico (to cross the US border - was relevant before the advent of the CBP One app), visa assistance, and they also send immigrants to **ONE** immigration lawyer, for which they receive a percentage."

42. These statements published by RUBIC, LLC was intended to reach views World Wide, including Martin County.

43. These statements are false because RUBLIC, LLC wrongly suggests that the PLAINTIFF is in violation of law and the ethical requirements of the California Bar.

44. The false allegation that Plaintiff is receiving kickbacks from other sources, if true, would be a direct violation of Plaintiff's law license. In particular, California ethics rule 8.4(c) and 1.8.6 which states: "A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client."

45. RUBIC, LLC's false publication is in the Russian language, intending to target PLAINTIFF'S Russian and Eastern European clientele to hinder PLAINTIFF'S ability to market his services to Russian speaking clients and potential clients.

46. A primary source of PLAINTIFF'S income as a professional derives from Russian speaking clientele.

47. PLAINTIFF'S clients reside in the United States and in the World. PLAINTIFF is an attorney specializing in immigration law and has clients throughout the world.

48. In Florida, defamation is an illegal act under Florida Statute 836.01 punishable as a first-degree misdemeanor pursuant to Florida Statute 775.082.

49. These false statements were made intentionally and with malice by RUBIC, LLC to damage the PLAINTIFF.

50. PLAINTIFF'S reputation has been damaged.

   WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

   a) Damages for defamation;

   b) Injunctive Relief;

   c) Punitive Relief;

   d) Such other relief as the Court deems just and equitable.

## COUNT IV DEFAMATION PER SE
### (Against Rubic, LLC)

51. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

52. The false statement, published on RUBIC LLC, attacks PLAINTIFF as an attorney because it would be illegal for an attorney to pay kickbacks to non-attorneys for receiving a referral.

53. PANOVA's false publication is in the Russian language, intending to target PLAINTIFF'S Russian and Eastern European clientele to hinder PLAINTIFF'S ability to market his services to Russian speaking clients and potential clients.

54. A primary source of PLAINTIFF'S income as a professional derives from Russian speaking clientele.

55. The statements made by RUBIC, LLC (Exhibit A) are so injurious to the reputation of PLAINTIFF that damages and malice are presumed to exist as a matter of law.

## PRAYER FOR RELIEF

   WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

   a) Damages for defamation;

    b) Injunctive Relief;

    c) Punitive Relief;

    d) Such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues herein triable by jury.

    DATED this 26th day of February 2024.

                                                    ARCADIER, BIGGIE, AND WOOD, PLLC

                                                    /s/ Maurice Arcadier, Esquire
                                                    Maurice Arcadier, Esquire

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 26th day of February 2024. Counsel of Record for all parties will receive notice of the electronic filing.

                                                /s/ Maurice Arcadier, Esquire
                                                Maurice Arcadier, Esquire
                                                Florida Bar No. 0131180
                                                Attorney for Plaintiff
                                                2815 W. New Haven, #304
                                                Melbourne, Florida 32904
                                                Phone: (321) 953-5998
                                                Fax: (321) 953-6075
                                                Email: Office@ABWlegal.com
                                                Secondary: Arcadier@ABWlegal.com