UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,

     Plaintiff,

                                      Case No. 2:24-cv-14037-AMC

 v.

KATERYNA PANOVA, *et ano.*,

     Defendants.

_____/

**REMOVAL STATUS REPORT**

     Pursuant to the Court's Notice of Court Practices in Removal Cases [ECF No. 11], Defendants Rubic, LLC and Kateryna Panova file this removal status report outlining the following matters required by the Court's Notice:

     1.     **Statement of Nature of Claim and Damages:** Plaintiff Aleksey Tovarian seeks damages and injunctive relief against Defendants Kateryna Panova and Rubic, LLC for defamation per quod and defamation per se related to Rubic's publication of a Russian-language article. [*See* ECF Nos. 9 & 9-1; ECF No. 4-1 (certified translation of subject article)]. Plaintiff does not assert a specific dollar amount in the operative First Amended Complaint or the removed state-court pleadings. However, prior to removal, Defendants' counsel asked Plaintiff's counsel to confirm whether he sought damages in excess of $100,000, as referenced in the civil cover sheet in the state court action, to which Plaintiff's counsel stated that the damages exceeded $100,000. [ECF No. 1 ¶¶ 14–16; ECF No. 1-4 Ex. 1].

     2.     **Grounds for Removal:** As set forth in Defendants' Notice of Removal [ECF No. 1], Defendants removed this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as there is complete diversity between the parties. Plaintiff is a California resident. [ECF No. 1-2 at 5 ¶¶ 2–

3]. Defendant Kateryna Panova is a North Carolina resident. [*Id.* at ¶ 10; *see also* ECF No. 1-3 (Declaration of Kateryna Panova)]. And although Defendant Rubic, LLC is organized in the State of Florida, its sole member and owner is Ms. Panova, who is a North Carolina resident. [ECF No. 1 at 6 ¶ 11; ECF No. 1-3 ¶¶ 3–6]. Accordingly, diversity exists. As to the jurisdictional threshold, as set forth above, Plaintiff has confirmed in an "other paper" that the jurisdictional threshold of $75,000 is met. [*See* ECF No. 1 at 7 ¶ 15 (collecting cases for the proposition that the "other paper" can be an informal communication)].

3.      **Pending Motions:** The only pending motion before the state court was Defendants' motion for extension of time to respond to the state-court complaint. [ECF No. 1-2 at 52–54]. Immediately upon removal, Defendants filed a motion to dismiss [ECF No. 3], and since then Plaintiff has filed an amended complaint, which Defendants have moved to dismiss. [ECF Nos. 9 & 10].

4.      **Defendants' Statement on Consent to Removal:** Both Defendants filed the Notice of Removal and therefore consented to removal. [ECF No. 1]

5.      **Timeliness of Removal:** Removal was timely. Defendants filed the Notice of Removal on February 9, 2024, within 30 days of service, which occurred on January 11, 2024. [ECF No. 1-2 at 47]. Moreover, the time to remove did not start until Plaintiff's counsel confirmed that the amount in controversy exceeded $75,000 on January 31, 2024. [ECF No. 1-4]. As explained in the notice of removal, the fact that the amount on the state-court civil cover sheet exceeded the jurisdictional amount is not dispositive. [ECF No. 1 ¶ 16 (citing see *Bell v. Ace Ins. Co. of the Midwest*, 2020 WL 7396934, at *3 n. 6 (M.D. Fla. Dec. 17, 2020)).

Further, pursuant to the Court's Notice [ECF No. 11], Defendants have filed copies of all records and proceedings in the state court proceedings as ECF No. 1-2.

Dated: February 28, 2024.

<div align="center" style="margin-left:50%">

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Defendant Rubic, LLC*

</div>