UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14037-CIV-CANNON

**ALEKSEY TOVARIAN,**

    Plaintiff**,**

v.

**RUBIC, LLC** and **KATERYNA PANOVA,**

    Defendants.

_____/

## ORDER TO CLARIFY SUBJECT MATTER JURISDICTION

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. This case was removed from state court on February 9, 2024 [ECF No. 1]. The initial Complaint alleged damages in an amount over $100,000.00 and asserted a claim for "Pure Bill of Discovery" against an unnamed Defendant, "John Doe" [ECF Nos. 1, 1-2]. The Court issued an Order Dismissing the Complaint and Permitting Repleading as violating the rule against fictitious party pleading in federal court [ECF No. 7 p. 1]. Plaintiff then filed its Amended Complaint on February 26, 2024 [ECF No. 9]. The Amended Complaint asserts defamation claims against Defendants Rubic, LLC and Kateryna Panova and requests relief of $50,000.00 in monetary damages and injunctive relief [ECF No. 9]. The Amended Complaint does not specify the citizenship of the individual members of Defendant Rubic, LLC.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Plaintiff appears to base the Court's subject matter jurisdiction on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) [ECF No. 9 ¶¶ 1–5]. As relevant here,

federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In this case, Plaintiff makes insufficient allegations to show complete diversity of citizenship exists or that the amount-in-controversy requirement is satisfied [*see* ECF No. 9].

According to the Amended Complaint, Defendant Rubic, LLC is a Florida Limited Liability Company doing business in Florida [ECF No. 1 ¶ 5]; Defendant Kateryna Panova is a citizen of North Carolina [ECF No. 9 ¶4]; and Plaintiff is a California resident [ECF No. 9 ¶2]. The Amended Complaint, however, does not identify the individual citizenship of each member of the Limited Liability Company Defendant. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (alteration added). Consequently, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company. . . . " *Id.* (alterations added).

Before the Court may assess whether there is diversity jurisdiction (or any other basis of jurisdiction), Plaintiff must submit allegations or proof detailing the citizenship of each of the Limited Liability Company Plaintiff's individual members. *See, e.g.*, *Criswell v. Convenience Stores, Inc.*, No. 5:08-CV-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008) (requiring plaintiffs to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking"). The citizenship of one member may destroy federal diversity jurisdiction if complete diversity of citizenship does not exist between the defendants and all of the members of a plaintiff limited liability company. *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017).

Furthermore, Plaintiff's claimed monetary damages appear to fall below the $75,000.00 jurisdictional threshold. *See* 28 U.S.C. § 1332(a). Plaintiff requests relief in the form of $50,000.00 in monetary damages and injunctive relief. While the monetary value of an injunction

CASE NO. 24-14037-CIV-CANNON

may, in some circumstances, be aggregated to satisfy the amount in controversy, the benefit of the injunction must be "sufficiently measurable and certain." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000). The Amended Complaint does not allege facts by which the Court can reasonably infer that the value of the requested injunctive relief would increase Plaintiff's damages enough to satisfy the amount-in-controversy requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (explaining that the amount-in-controversy requirement may be established by "reasonable deductions, reasonable inferences, or other reasonable explorations").

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff will have one final opportunity to file a second amended complaint clarifying the citizenship of each individual member of the Limited Liability Company Defendant and the amount in controversy. Plaintiff shall file a second amended complaint on or before **March 11, 2024**. Failure to do so may result in dismissal of the action without further notice. In preparing Plaintiff's second amended complaint, Plaintiff shall be mindful of the arguments raised in Defendants' pending Motion to Dismiss for failure to state a claim under Rule 12(b)(6) [ECF No. 10].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 28th day of February 2024.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record