UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                                      CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
    Defendant.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, ALEKSEY TOVARIAN, ("Plaintiff") by and through the undersigned attorney files this Complaint against the Defendant RUBIC, LLC ("Defendant" or Rubic) and alleges the following:

1. This is a Complaint seeking damages more than $50,000.00 but less than $75,000.00 exclusive of fees and costs.

2. The Plaintiff is a California Resident.

3. Plaintiff is a licensed California Attorney in good standing with the California Bar.

4. Plaintiff maintains a law office in San Francisco, California specializing in immigration law and has clients throughout the world.

5. Plaintiff is a private citizen and has not taken on the role of a public official and/or public figure.

6. The Defendant, Rubic is Florida Limited liability Company doing business in Florida. Since 2019, Rubic has listed one member of the Company, Kateryna Panova. On its most recent annual reports for 2023, Rubic lists Ms. Panova's address as an apartment located 3410 SE Martinique Trace 103, Stuart, FL 34997. Despite this, Ms. Panova has filed a declaration

that she is not domiciled at the address she reported to the State, but rather a resident of North Carolina.

7. Rubic is an online website and blog and considered media pursuant to law.

8. Rubic's website publishes information, specifically to Russian speakers, about life in the United States and immigration and related concerns to immigrants from Russian-speaking countries.

9. A primary source of Plaintiff's income as a professional derives from Russian speaking clientele.

10. In addition to their articles, Rubic's website has a list of lawyers to which it seemingly refers and recommends to its readers, including lawyers San Franciso, California; Florida, and other states.

11. On multiple occasions, Rubic invited Plaintiff to be part of her program, but Plaintiff declined.

12. Plaintiff is not listed as an attorney on Rubic's website and has no affiliation with Rubic.

13. On or about June 20, 2023, Rubic published an online article defaming Plaintiff, falsely claiming that Plaintiff, through the practice of his profession, is engaged in unlawful kickbacks from TeachBK for alleged clients which TeachBK allegedly refers. (See Exhibit A).

14. The Article published by Rubic was intended to reach views Worldwide, including Martin County.

15. Rubic's false publication is in the Russian language, intending to target Plaintiff's Russian and Eastern European clientele to hinder Plaintiff's ability to market his services to Russian speaking clients and potential clients.

16. These statements pertaining to Plaintiff falsely suggest that he is engaged in unethical conduct in violation of the law.

17. These statements were published by Rubic for the public to see.[1]

18. The article remains online and each day the article is republished, continuing to cause harm.

19. The statements are clearly made to injure Plaintiff's reputation and make readers believe that he is an unethical attorney.

20. The allegations and insinuations that Plaintiff is engaged in kickbacks are both fallacious and demonstrably inaccurate.

21. Indeed, since its publication, Plaintiff has lost clients, believing him to be engaged in unlawful and unethical conduct.

22. These false statements were made intentionally and with malice by Rubic to damage the Plaintiff and for the purpose of pecuniary gain.

23. An agent of Rubic reached out to Plaintiff on Facebook messenger to inquire if he would be interested in a movie being produced about his practice. Since the article was published, Plaintiff was told that the article might be taken down if he agreed to associate with Rubic.

24. Plaintiff has complied with all conditions precedent including providing a retraction opportunity pursuant to Fla Stat. § 772.11.

## **COUNT I DEFAMATION**

25. Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

---

[1] The location of the article is at: https://rubic.us/otzyvy-o-teachbk-moshenniki-prodayut-kradennye-mashiny-shantazhiruyut/.

26. Rubic has defamed Plaintiff in an online article accusing and falsely stating that Plaintiff is paying kickbacks to TeachBK for alleged clients which TeachBK allegedly refers. (See Exhibit A).

27. The following libelous statement made in Exhibit A are false including but not limited to: "TeachBK offers immigration advice, a guarantor in the US for money, sells cars to refugees in Mexico (to cross the US border - was relevant before the advent of the CBP One app), visa assistance, and they also send immigrants to **ONE** immigration lawyer, for which they receive a percentage."

28. These statements published by Rubic was intended to reach views Worldwide, including Martin County.

29. These statements are false because Rubic wrongly suggests that the Plaintiff is in violation of law and the ethical requirements of the California Bar.

30. The false allegation that Plaintiff is receiving kickbacks from other sources, if true, would be a direct violation of Plaintiff's law license. In particular, California ethics rule 8.4(c) and 1.8.6 which states: "A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client."

31. Rubic's false publication is in the Russian language, intending to target Plaintiff's Russian and Eastern European clientele to hinder Plaintiff's ability to market his services to Russian speaking clients and potential clients.

32. A primary source of Plaintiff's income as a professional derives from Russian speaking clientele.

33. Plaintiff is an attorney specializing in immigration law and has clients throughout the world.

34. These false statements were made intentionally and with malice by Rubic to damage the Plaintiff.

35. Plaintiff's reputation has been damaged, and he has lost clients.

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

      a. Damages for defamation;
      b. Injunctive Relief;
      c. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 11th day of March 2024.

                                                ARCADIER, BIGGIE, AND WOOD, PLLC

                                                /s/ Maurice Arcadier, Esquire
                                                Maurice Arcadier, Esquire

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 11th day of March 2024. Counsel of Record for all parties will receive notice of the electronic filing.

                                                /s/ Maurice Arcadier, Esquire
                                                Maurice Arcadier, Esquire
                                                Florida Bar No. 0131180
                                                Attorney for Plaintiff
                                                2815 W. New Haven, #304
                                                Melbourne, Florida 32904
                                                Phone: (321) 953-5998
                                                Fax: (321) 953-6075
                                                Email: Office@ABWlegal.com
                                                Secondary: Arcadier@ABWlegal.com