UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION


ALEKSEY TOVARIAN,
     Plaintiff,

v.                                    CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
     Defendant.

_____/

## PLAINTIFF'S MOTION FOR REMAND AND MEMORANDUM OF LAW AND REQUEST FOR ATTORNEY FEES

Plaintiff, ALEKSEY TOVARIAN, by and through his undersigned counsel, hereby files his Motion to Remand this case to the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County, Florida, and states as grounds therefore the following:

1.     On December 12, 2023, Plaintiff filed his Complaint in the Nineteenth Judicial Circuit in and for Martin County, Florida, Case Number: 2023-CA-1535, alleging four Counts of Defamation and one Count of Pure Bill Discovery.

2.     Defendant then filed a Notice of Removal on February 9, 2024, alleging that this Court has jurisdiction of the instant action pursuant to this Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.     In the removal notice, Defendant argued that the amount in controversy was established by an email from counsel which suggested a belief that the harm could exceed the jurisdictional amount.

4.      On or about February 26, 2024, Plaintiff filed his Amended Complaint[1] per the Court's Order, removing John Doe as a Defendant and removed Count V- Pure Bill of Discovery (John Doe). The Amended complaint retained jurisdictional allegations for an amount in controversy which implicated Circuit Court jurisdiction.

5.      On February 28, 2024, this Court ordered Plaintiff to file an amended Complaint which clarifies citizenship of the LLC and the amount in controversy.  Doc. 13.

6.      In the Second Amended Complaint, filed contemporaneously with this motion for remand, Plaintiff alleges that the damages he is seeking are more than $50,000.00 but ***less than $75,000.00*** exclusive of fees and costs. Thus, Plaintiff is stipulating that he is not seeking more than $75,000.00, exclusive of fees and costs.

9.   Because Defendant has failed to establish, by preponderance of the evidence, that the $75,000 jurisdictional amount in controversy has been met, this case must be remanded to the for lack of federal subject matter jurisdiction.

## MEMORANDUM OF LAW

28 U.S.C. §1446(a) requires a party seeking removal to file a notice of removal listing all grounds which support the federal court's jurisdiction.  As shown in Plaintiff's Motion for Remand, Defendant failed to allege sufficient grounds for federal subject matter jurisdiction.  28 U.S.C. §1332 confers federal district courts with original jurisdiction over cases in which the parties are of diverse citizenship **and** "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. §1332(a) & (a)(1).  The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal

---

[1] Doc. 9

courts may hear.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 1675, 128

L.Ed.2d 391 (1994).  Removal statutes are to be strictly construed against removal.  Shamrock Oil

& Gas Corp. v. Sheets, 313 U.S. 100, 108 61 S.Ct. 868,872, 85 L.Ed. 1214 (1941).  Any doubt as

to proper subject matter jurisdiction should be resolved against removal.  Butler v. Polk, 592 F.2d

1293, 1296 (5th Cir. 1979).  A removing party must present facts establishing its right to remove.

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996).  When the removing

party fails to do so, remand is favored.  Lupo v. Human Affairs International, 28 F.3d 269, 274

(2nd Cir. 1994) (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252,

255 (5th Cir. 1961).

Where the plaintiff has not pled a specific amount in her [his] prayer for damages, the Court

may not speculate as to what the damages may be in determining the amount in controversy.

Lindsey v. Alabama Telephone Co., 576 F.2d 593, 595 (5th Cir. 1978).  Where a plaintiff has made

an unspecified demand for damages, a removing defendant must prove by a preponderance of the

evidence that the amount in controversy more likely than not exceeds the jurisdictional

requirement.  Tapscott, at 1357.  It is thus incumbent on Defendant in this case to prove by a

preponderance of the evidence that the amount in controversy meets the federal jurisdictional

minimum.

In this case, Plaintiff did not specify any concrete amount which would fall to the level of

the federal minimum amount in controversy.  He alleged in his Complaint and Amended

Complaint that he is seeking damages above $50,000.00. Defendants relied upon comments from

counsel about the belief as to what the damages may be, but there is no factual basis provided by

Defendants to calculate how the jurisdictional amount has been met.

In the most recent complaint, Plaintiff stipulates that the damages sought in the action are less than $75,000.00. As such, this Court lacks subject matter jurisdiction over the case and it is due to be remanded to the Nineteenth Judicial Circuit in and For Martin County Florida, Florida for lack of federal subject matter jurisdiction.

## CONCLUSION

As argued above the Defendant's reliance on comments from counsel, which could be considered settlement demands, was insufficient to establish diversity jurisdiction of this Court. In his current operative complaint, Plaintiff stipulates that the damages sought are less than $75,000.00. This the Court lacks subject matter jurisdiction. As a result, Plaintiff respectfully requests that this Court remand this case to the state court from where it was removed.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order remanding this case to the Nineteenth Judicial Circuit in and for Martin County, Florida, for further proceedings.

## CERTIFICATE OF GOOD FAITH

Counsel for the movant conferred with all parties who may be affected by the motion on March 11, 2024, and the Defendant opposes the remand.

Dated this 11th day of March 2024.

ARCADIER, BIGGIE & WOOD, PLLC

/s/ Maurice Arcadier, Esquire
Maurice Arcadier, Esquire

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court

by using the CM/ECF system, on this 11th day of March 2024. Counsel of Record for all parties

will receive notice of the electronic filing.

ARCADIER, BIGGIE & WOOD, PLLC

/s/ Maurice Arcadier, Esquire
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Attorney for Plaintiff
2815 W. New Haven, #304
Melbourne, Florida 32904
Phone: (321) 953-5998
Fax: (321) 953-6075
Email: Office@ABWlegal.com
Secondary: Arcadier@ABWlegal.com