UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,

    Plaintiff,

Case No. 2:24-cv-14037-AMC

v.

KATERYNA PANOVA, *et ano.*,

    Defendants.
_____/

## **DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR REMAND**

Defendants Rubic, LLC and Kateryna Panova file this motion in response to Plaintiff Aleksey Tovarian's motion for remand and attorney's fees.[1] [ECF No. 15]. As grounds, Defendants state:

    1.    Plaintiff Aleksey Tovarian seeks compensatory and punitive damages as well as injunctive relief against Defendants Kateryna Panova and Rubic, LLC for defamation per quod and defamation per se related to Rubic's publication of a Russian-language article. [*See* ECF Nos. 9 & 9-1; ECF No. 4-1 (certified translation of subject article)].

    2.    Plaintiff did not assert a specific dollar amount in the First Amended Complaint filed in this Court [ECF No. 9], or the removed state-court pleadings [ECF No. 1-2].

---

[1] Plaintiff only references his request for attorney's fees in the title of the motion. His failure to raise any argument as to entitlement to attorney's fees dooms his request. Either way, the Court should deny his request. There was no significant delay here—in fact, the delay is Plaintiff's if anyone's, as he could have filed a motion for remand right away and instead filed an amended complaint and waited until the Court dismissed that pleading to seek remand. And even if Plaintiff can plead his way out of federal subject matter jurisdiction—which Defendants contest—Defendants have and had an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (absent unusual circumstances, attorney fees should not be awarded when the removing party has "an objectively reasonable basis for seeking removal.").

3. The civil cover sheet filed in state court noted damages in excess of $100,000, and Plaintiff's counsel confirmed in writing that his client sought in excess of $100,000. [ECF No. 1-2; 1-4]. Defendants then removed the state-court action to federal court. [ECF No. 1].

4. Now—despite filing an amended complaint in this Court after remand—and waiting more than 30 days since removal, Plaintiff asserts in a Second Amended Complaint that his complaint will seek "less than $75,000.00 exclusive of fees and costs." [ECF No. 14 ¶ 1].

5. Plaintiff cannot divest the Court of jurisdiction through his pleading.

## ARGUMENT

### A. Applicable Legal Standard

Congress imbued federal courts with original jurisdiction over civil actions that exceed the sum or value of $75,000 where each plaintiff is a citizen of a different state from each defendant. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction). A lack of diversity of citizenship between the plaintiffs on the one hand, and the defendants on the other, generally requires remand. *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019). Jurisdiction is determined at the time of removal, and fictitious defendants, or John Does, are disregarded for the purpose of determining the citizenship of defendants. *Id.* (citing 28 U.S.C. § 1441(b)(1)).

On a motion for remand, it is the removing party that bears the burden of demonstrating that jurisdiction lies. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Where a plaintiff has made "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

In evaluating whether the amount-in-controversy requirement of diversity jurisdiction has been met, "a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents...." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Specifically, "pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.* The Eleventh Circuit has stressed that jurisdictional facts need not be received from the plaintiff, but "may come from whichever party asserts federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 764 (11th Cir. 2010). Courts may also "use their judicial experience and common sense" to determine whether a case is removable. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (courts can "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case.... [satisfies] the jurisdictional amount").

### B. <u>Defendants Properly Removed this Case</u>

Plaintiff does not challenge whether the parties are diverse or the timeliness of removal.[2]

---

[2] Plaintiff's Second Amended Complaint could be read to suggest that the parties are not diverse. [ECF No. 14 ¶ 6]. The motion, however, does not address this element of diversity and the Court should not have to make Plaintiff's arguments for him. That said, the parties are completely diverse and the case was timely removed. Plaintiff is a California resident. [ECF No. 1-2 at 5 ¶¶ 2–3]. Defendant Kateryna Panova is a North Carolina resident. [*Id.* at ¶ 10; *see also* ECF No. 1-3 (Declaration of Kateryna Panova)]. And although Defendant Rubic, LLC is organized in the State of Florida, its sole member and owner is Ms. Panova, who is a North Carolina resident. [ECF No. 1 at 6 ¶ 11; ECF No. 1-3 ¶¶ 3–6]. Accordingly, diversity exists between the parties. Further, removal was timely. Defendants filed the Notice of Removal on February 9, 2024, within 30 days of service, which occurred on January 11, 2024. [ECF No. 1-2 at 47]. Moreover, the time to remove did not start until Plaintiff's counsel confirmed that the amount in controversy exceeded $75,000 on January 31, 2024. *Lazo v. US Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 21, 2008) (removal petition was supported by defendant counsel's affidavit concerning pre-suit conversation with plaintiff's counsel about amount of recovery sought).

Instead, he only asserts that Defendants have not satisfied the damages threshold of $75,000.[3] But that is not correct.

Plaintiff confirmed in an "other paper" that the jurisdictional threshold of $75,000 was met at the time of removal. [*See* ECF No. 1 at 7 ¶ 15]. Specifically, prior to removal, Defendants' counsel asked Plaintiff's counsel to confirm whether he sought damages in excess of $100,000, as referenced in the civil cover sheet in the state court action, to which Plaintiff's counsel stated that the damages exceeded $100,000. [ECF No. 1 ¶¶ 14–16; ECF No. 1-4 Ex. 1]. Plaintiff's "estimate of [his] own recovery "deserves deference and a presumption of truth." *Fernandez v. Integon Nat'l Ins. Co.*, 2018 WL 8039758, at *3 (S.D. Fla. Aug. 23, 2018) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

"The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Lamberston v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citation omitted); *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. 2010) ("responses to requests for admission, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)"); *see generally* Wright & Miller, Federal Practice and Procedure § 3731, at 524, 545 ("[F]ederal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope ... [including] correspondence between the parties and their attorneys or between the attorneys.").

"[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). For example, "defendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to

---

[3] He is too late to make any arguments other than lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

determine whether a case is removable." *Id.* And, while a demand letter may not be determinative, "it counts for something." *Fernandez*, 2018 WL 8039758, at *2 (quoting *Mick v. De Vilbiss Air Power Co.*, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)); *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 946-949 (11th Cir. 2000) ("district court may consider evidence submitted after the removal petition is filed ... only to establish the facts present at the time of removal").

Here, when asked whether the civil cover sheet correctly tabulated damages in excess of $100,000, Plaintiff's counsel responded in the affirmative. [ECF No. 1-4 at 3]. As explained in the Notice of Removal, the fact that the amount on the state-court civil cover sheet exceeded the jurisdictional amount is not necessarily dispositive. [ECF No. 1 ¶ 16 (citing see *Bell v. Ace Ins. Co. of the Midwest*, 2020 WL 7396934, at *3 n. 6 (M.D. Fla. Dec. 17, 2020)]. But Plaintiff's counsel's confirmation that the civil cover sheet was an accurate reflection of the damages sought by Plaintiff, on the other hand, is dispositive. Defendants properly removed this case.

### C. Plaintiff's Attempt to Limit Damages Does Not Divest the Court of Jurisdiction

Because Defendants consented to removal, jurisdiction existed at the time of removal, and Defendants timely removed the case, removal was proper. Plaintiff's after-the-fact effort to defeat jurisdiction by stating that he is only seeking up to $75,000 "exclusive of fees and costs" must fail. [ECF No. 14 ¶ 1].

Once a case has been removed, post-removal reductions in the amount of damages requested do not generally divest a court of diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1294 (M.D. Ala. 2011) (finding that a post-removal "stipulation does not support remand because it has no bearing on the salient issue, namely, the

amount in controversy at the time the suit was filed and removed"). Here, the Court should not consider Plaintiff's post-removal statements, which do not clarify what the "claim was at the time of removal." *Wilson v. Am. Sec. Ins. Co.*, 2018 WL 7080031, at *2 (S.D. Fla. June 21, 2018) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction," quoting *St. Paul*, 303 U.S. at 292).

Indeed, Plaintiff's counsel confirmed that at the time of removal, the damages sought were in excess of $100,000, as evidenced by the civil cover sheet. *Luch v. Scottsdale Ins. Co.*, 2017 WL 5643314, at *2 (S.D. Fla. June 9, 2017) ("While before removal Plaintiff could have successfully precluded federal jurisdiction by stipulating his damages are less than $ 75,000 ... Plaintiff did not do so until after the action was removed."). After removal, Plaintiff amended his complaint [ECF No. 9] and did not state that the Court lacked jurisdiction or that his damages did not exceed the $75,000 threshold. He filed a cut-and-pasted version of his state-court complaint, which the Court dismissed considering that it mirrored what was filed for purposes of circuit-court jurisdiction under Florida law. [ECF No. 13]. Only now, after the Court cautioned Plaintiff to be mindful of the arguments raised in Defendants' motion to dismiss [*Id.* at 3], has Plaintiff decided to limit his recovery below the $100,000-plus recovery he detailed when he first filed suit and confirmed prior to removal through his counsel. Defendants have asserted that this is a Strategic Lawsuit Against Public Participation aimed to quash coverage of Plaintiff's business practices. [ECF No. 10]. The only explanation for Plaintiff's about-face is that he believes the state-court system will allow him to prolong his efforts to silence Rubic's news reporting. His post-removal statements in the Second Amended Complaint should not be considered. *Wilson*, 2018 WL 7080031, at *2.

That said, Defendants cannot deny that courts have held that certain post-removal representations on damages can, in limited circumstances, support remand. *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (citation omitted) (affirming district court's dismissing for lack of diversity jurisdiction where plaintiff represented "that it does not seek and, more importantly, will not accept damages in excess of $74,000 exclusive of interest and costs"); *Boyd v. Shelton*, 2010 WL 1817759, at *2-3 (N.D. Ga. May 6, 2010) ("Furthermore, while post-removal stipulation normally does not divest the court of jurisdiction, Plaintiffs here stipulate not only that all of their damages and attorneys' fees do not exceed $75,000, but also that jury instructions in the case will limit the jury so that no verdict exceeds $75,000, and that Plaintiffs will not seek to recover any amount in excess of $75,000 from Defendant. The parties' motion to remand to state court is GRANTED.").

But none of those circumstances are supported here. First, Plaintiff's Second Amended Complaint (SAC) does not properly limit damages to $75,000. The SAC *suggests* that the "complaint is seeking damages" less than $75,000 plus fees and costs, but unlike the cases cited above, Plaintiff has not submitted a verified complaint, stipulation, or otherwise that would resolve that he remain bound by the ambiguous language in the SAC in state court. Second, Plaintiff has not agreed that he would not accept only less than $75,000 or the jury instructions in his case would be limited to such measure of damages. The fact that Plaintiff could seek to amend his pleading upon remand does not give the same assurances as a verified pleading or stipulation. But even if Plaintiff were to unequivocally agree to undertake all the steps set forth in *Boyd* and *McKinnon Motors*, the Court is not bound by those cases. Courts in this District have instead followed the Supreme Court in *St. Paul* to hold that post-removal statements and actions to limit the damages sought are not sufficient to determine whether jurisdiction existed at the time of

removal. *Wilson*, 2018 WL 7080031, at *2.  Here at the time of removal, Plaintiff sought in excess of $100,000 in compensatory and punitive damages.

Further, the Court should heavily scrutinize Plaintiff's motivations in seeking remand at this stage. Prior to filing the motion he filed an amended complaint in this Court. [ECF No. 9]. He waited more than 30 days to file the motion, waiving any defects to the notice other than subject matter jurisdiction. It was only after the Court urged Plaintiff to consider Defendants' dismissal arguments [ECF No. 13] that Plaintiff decided to cut his losses in federal court and seek remand. This should give the Court pause. Plaintiff's motivation here is not to seek all the damages he earlier believed he was entitled to premised on his allegations that Rubic's reporting defamed him as an attorney. Instead, as Defendants noted in their motion to dismiss, this is a Strategic Lawsuit Against Public Participation. The Eleventh Circuit is clear that early dismissal of defamation claims is appropriate because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings*, 816 F.3d 686, 702 (11th Cir. 2016). Removal was proper and Plaintiff's effort to divest the Court of jurisdiction should not be accepted by the Court.

## CONCLUSION

Plaintiff Aleksey Tovarian's motion for remand [ECF No. 15] should be denied.

Dated: March 12, 2024.

                                                 Respectfully submitted,

                                                 **James M. Slater**
                                                 James M. Slater (FBN 111779)
                                                 Slater Legal PLLC
                                                 113 S. Monroe Street
                                                 Tallahassee, FL 32301
                                                 Tel.: (305) 523-9023
                                                 james@slater.legal

                                               *Attorneys for Defendants*