UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,

    Plaintiff,

v.

RUBIC, LLC,

    Defendant.
_____/

Case No. 2:24-cv-14037-AMC

## DECLARATION OF JAMES M. SLATER

I, James M. Slater, declare as follows:

1. I am a partner at Slater Legal PLLC, counsel for Ms. Panova. I submit this declaration in support of Ms. Panova's motion for attorney's fees. I have personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2. I have been a member of the Florida Bar in good standing since 2014. I am also admitted to practice in Colorado, Washington, the District of Columbia, and in the United States District Courts for the Southern, Middle, and Northern Districts of Florida, the District of Colorado, the District of the District of Columbia, the Western District of Washington, and the Eastern District of Texas, as well as the United States Court of Appeals for the Eleventh and Federal Circuits. I have also been admitted *pro hac vice* in the United States District Courts for the Southern District of New York and Southern District of Texas.

3. In 2007, I earned a Bachelor's degree in Russian from the University of Florida, and in 2009 I graduated from the University of North Carolina at Chapel Hill with a Master's degree in Slavic Languages and Literatures. I also completed the National Security Education

Program's Russian Overseas Flagship in 2010 in Saint-Petersburg, Russia. Prior to attending law school, I worked throughout Russia as an interpreter and translator and helped administer a U.S. State Department program in Kazan, Russia. In 2014, I graduated *cum laude* with a law degree from the University of Miami School of Law.

4. In July 2021, I launched Slater Legal PLLC, where I handle First Amendment, defamation, civil rights, and intellectual property matters. At Slater Legal PLLC, I have advised clients on First Amendment matters and defended individuals in defamation cases, successfully resolving a cases involving anonymous posts on Glassdoor.com and Facebook posts accused of defamation, obtaining a dismissal in a defamation and tortious interference case brought against a medical provider, successfully resolving a defamation case in federal court involving a YouTuber's videos, and defeating a libel-plaintiff's efforts to unmask an anonymous client's identity in a proceeding in San Francisco Superior Court in connection with a defamation lawsuit brought in Miami, Florida. I also advise on and respond to cease and desist letters involving First Amendment activities, including a recent high-profile engagement where I represented a college student against Taylor Swift over a jet tracking application. *See* Drew Harwell, *Taylor Swift threatens legal action against student who tracks her jet*, WASH. POST (Feb. 6, 2024), https://www.washingtonpost.com/technology/2024/02/06/taylor-swift-jet-tracking-legal-threat/.

5. I also represent activists involving defamation and First Amendment cases. I am currently representing a marine mammal activist in this District in a case involving his criticism of the Miami Seaquarium. After moving to dismiss the Seaquarium's defamation counts in the complaint, the Seaquarium has abandoned those claims. *MS Leisure Company v. Philip Demers*, Case No. 1:23-cv-22834 (S.D. Fla.).

6. Prior to launching my firm in 2021, I practiced at Shullman Fugate PLLC—a boutique media law firm in Florida—where I litigated intellectual property, First Amendment, and defamation cases. At Shullman, I was counsel for an online investment forum in a pure bill of discovery dispute brought in Florida involving a California businessman's attempt to unmask an anonymous poster who purportedly defamed him. I successfully argued for dismissal of that pure bill of discovery lawsuit. I was also counsel for media and non-media defendants in several other defamation lawsuits in Florida. Some of the high-profile cases I worked on include: *Miller v. Gizmodo Media Grp.*, 994 F.3d 1328 (11th Cir. 2021), *Dershowitz v. Netflix, Inc.*, No. 1:21-cv-21961 (S.D. Fla.), and *Black v. Cable News Network, Inc.* (Fla. 17th Jud. Cir. Ct.).

7. Previously, I served as a judicial law clerk to the Honorable Chris M. McAliley of the Southern District of Florida, directed an advocacy program at Legal Services of Greater Miami, and litigated content, intellectual property, and business law matters at other boutique firms.

8. I have attached as **Exhibit A** is a true and correct copy of my biography from the Slater Legal PLLC website, slater.legal.

9. My billing rate in this matter is $500. Based on a review of the case law as cited in the accompanying motion, and my skills and experience, including my Russian fluency given the nature of the underlying subject matter of the dispute, this rate is lower than typical hourly rates for partners working on First Amendment and defamation matters in the South Florida legal community.

10. I spent 21.29 hours researching and preparing the motion to dismiss [ECF No. 3] and revising the motion to respond to the First Amended Complaint [ECF No. 10]. I have spent additional time moving to extend time in state court, preparing and research the removal papers, responding to the Court's Order on removal procedures, and analyzing the Court's various orders

in the case.

11.     In an effort to submit the most reasonable fee request, as evidenced by the redactions on the annexed bill, I have removed all time expended unrelated to the motions to dismiss the state-court complaint and First Amended Complaint. Not only does Ms. Panova not seek reimbursement for time expended on other matters, given that her company, Rubic, LLC, remains in the case, Ms. Panova is only seeking half of the time I spent on the first two Rule 12 motions, or 10.64 hours.

12.     Attached hereto as **Exhibit B** is a true and correct copy of a statement of the amount of fees, and the corresponding attorney time, incurred in defending against Plaintiff's state-court complaint and First Amended Complaint. This statement is based upon contemporaneous billing records for this action, and it accurately reflects those records.

13.     On March 12, 2024, I emailed Plaintiff's counsel in an effort to negotiate fees as to Ms. Panova. Plaintiff's counsel stated he opposed any fees for Ms. Panova. Nevertheless, in compliance with Local Rule 7.3(b), on March 19, 2024, I served a copy of this motion and declaration to Plaintiff's counsel in an effort to further confer. On that same date, I had a telephone conference with Plaintiff's counsel, wherein he reiterated that Plaintiff opposes this relief.

I declare under penalty of perjury under that the foregoing is true and correct.

Executed on March 19, 2024 in Atlanta, Georgia.

_____
James M. Slater

4

# Exhibit A



**James Slater** is a civil rights, speech, and intellectual property lawyer licensed to practice law in **Florida, Washington, Colorado, the District of Columbia**, and several federal district and appellate courts. James routinely defends people against copyright trolls and censorial bullies. His busy civil rights practice is primarily focused on holding government actors accountable for police misconduct and inhumane and unlawful treatment of prisoners and detainees.

James is a dual U.S. and U.K. national with strong Florida roots. He and his wife, children, and dogs split their time between Tallahassee, Miami, and hiking trails across North America.

Before law practice, James completed a Master's degree in Slavic Languages and Literatures and planned to become a Russian literature professor. He left academia to work in Russia in the administration of a U.S. State Department program and as a Russian interpreter and translator. He also completed the selective National Security Education Program's Russian Overseas Flagship in Saint-Petersburg, Russia.

Prior to opening his own firm, James practiced at several boutique firms specializing in intellectual property and media law. He also co-directed a homeless

legal advocacy project at Legal Services of Greater Miami and served as a judicial law clerk to the Honorable Chris M. McAliley of the Southern District of Florida.

He is a member of the National Police Accountability Project. Previously, James served on the board of directors of the Dade County Bar Association's Young Lawyers Section and as a Florida Chapter Chair of the Copyright Society of the USA. James was recently featured in the 2024 edition of Best Lawyers: Ones to Watch® in America for commercial litigation.

James is fluent in Russian, proficient in Spanish and Polish, and is slowly working his way through Yiddish and Turkish lessons on Duolingo. In addition to learning languages in his spare time, James enjoys hiking, gardening, making really bad music, and storytelling with his kids.

—

**Education:**

J.D., *cum laude*, University of Miami, 2014
M.A., University of North Carolina at Chapel Hill, 2009
B.A., University of Florida, 2007

**Bar Admissions:**

Florida, 2014
District of Columbia, 2017
Washington, 2019
Colorado, 2020

**Court Admissions:**

U.S.D.C., Southern District of Florida
U.S.D.C., Middle District of Florida
U.S.D.C., Northern District of Florida
U.S.D.C., District of Columbia
U.S.D.C., District of Colorado
U.S.D.C., Western District of Washington
U.S.D.C., Eastern District of Texas
U.S.C.A., Federal Circuit
U.S.C.A., Eleventh Circuit

# SLATER LEGAL PLLC

*Licensed to practice in Florida, the District of Columbia, Colorado & Washington.*

📞 (305) 523-9023

✉ hello@slater.legal

© 2024 Slater Legal PLLC            Disclaimer            Back to top

# Exhibit B

# Activities Export

03/19/2024
10:48 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 02/28/2024 | 🕒 | ███████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.40h | $500.00 | - | $200.00 |
| 02/28/2024 | 🕒 | ███████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.50h | $500.00 | - | $250.00 |
| 02/26/2024 | 🕒 | ███████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.30h | $500.00 | - | $150.00 |
| 02/26/2024 | 🕒 | Revise motion to dismiss to update based on FAC.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 1.40h | $500.00 | - | $700.00 |
| 02/12/2024 | 🕒 | ███████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.10h | $500.00 | - | $50.00 |
| 02/07/2024 | 🕒 | Continue drafting motion to dismiss re choice-of-law, translation of subject article/of-and-concerning issues, and fault.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 3.93h | $500.00 | - | $1,965.00 |
| 02/07/2024 | 🕒 | Research caselaw on shotgun pleadings re lumping defendants for motion to dismiss.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.80h | $500.00 | - | $400.00 |
| 02/07/2024 | 🕒 | For motion to dismiss: analyze public data on Plaintiff and Teach BK, including YouTube videos, websites, and other information tying Plaintiff to TeachBK. | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 1.60h | $500.00 | - | $800.00 |
| | | | | | **26.06h**<br>0.00h | | **$0.00** | **$13,030.00**<br>26.06h |

# Activities Export

03/19/2024
10:48 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 02/07/2024 | 🕐 | Analyze subject article and voice memo vis-a-vis issues for motion to dismiss.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.86h | $500.00 | - | $430.00 |
| 02/06/2024 | 🕐 | Confer with M. Kharitonov re facts underlying Whatsapp Voice memorandum in preparation of motion to dismiss.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.70h | $500.00 | - | $350.00 |
| 02/06/2024 | 🕐 | Continue drafting motion to dismiss, including arguments on deficiencies with per se and per quod claims.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 3.10h | $500.00 | - | $1,550.00 |
| 02/06/2024 | 🕐 | ██████████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 0.45h | $500.00 | - | $225.00 |
| 02/05/2024 | 🕐 | Begin drafting motion to dismiss background, legal standard and pleading section re removal.<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 4.60h | $500.00 | - | $2,300.00 |
| 02/05/2024 | 🕐 | ██████████████████<br>● Unbilled | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 1.92h | $500.00 | - | $960.00 |
| 02/04/2024 | 🕐 | For motion to dismiss: research choice of law issues relative to | 00052-Rubic, LLC<br>Tovarian v. Rubic | James Slater | 5.10h | $500.00 | - | $2,550.00 |
| | | | | | **26.06h**<br>0.00h | | **$0.00** | **$13,030.00**<br>26.06h |

# Activities Export

03/19/2024
10:48 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | California law (1.8); research application of FL and CA anti-SLAPP statutes in CA11 (1.1); research differences between FL and CA law relative to defenses to be raised in motion to dismiss (2.2) <br> ● Unbilled | | | | | | |
| 02/02/2024 | 🕒 | ▓▓▓▓▓▓▓▓▓▓ <br> ● Unbilled | 00052-Rubic, LLC <br> Tovarian v. Rubic | James Slater | 0.30h | $500.00 | - | $150.00 |
| | | | | | **26.06h** <br> 0.00h | | **$0.00** | **$13,030.00** <br> 26.06h |