UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                                                   CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MS. PANOVA'S MOTION FOR ATTORNEY'S FEES AND REQUEST THE COURT DETERMINE ENTITLEMENT**

Plaintiff, ALEKSEY TOVARIAN, by and through his undersigned counsel, hereby files his Response In Opposition to Ms. Panova's motion for attorney's fees and, pursuant to Local Rule 7.3 (a), Plaintiff request the Court determine the issue of entitlement prior to determining the amount thereof.

**BACKGROUND**

1. On December 12, 2023, Plaintiff filed his Complaint in the Nineteenth Judicial Circuit in and for Martin County, Florida, Case Number: 2023-CA-1535, alleging four Counts of Defamation and one Count of Pure Bill Discovery.

2. Defendants then filed a Notice of Removal on February 9, 2024, alleging that this Court has jurisdiction of the instant action pursuant to this Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

3. On or about February 26, 2024, Plaintiff filed his Amended Complaint[1] per the Court's Order, removing John Doe as a Defendant and removed Count V- Pure Bill of Discovery (John Doe). The Amended complaint retained jurisdictional allegations for an amount in controversy which implicated Circuit Court jurisdiction.

4. On February 28, 2024, this Court ordered Plaintiff to file an amended Complaint which clarifies citizenship of the LLC and the amount in controversy. Doc. 13.

5. On March 11, 2024, Plaintiff filed his second amend complaint. Doc. 14. In the Second Amended Complaint, Plaintiff removed Ms. Panova as a party and alleged that the damages he is seeking are less than $75,000.00, exclusive of fees and costs. Contemporaneous with the second amended complaint, Plaintiff filed a motion to remand the action which remains pending. Doc. 15.

6. On March 20, 2024, the Court denied Defendant's motion to dismiss the first amended complaint as moot. Doc. 19.

## MEMORANDUM OF LAW

### I. Determine Entitlement Prior To Amount.

Pursuant to Local Rule 7.3 (a), Plaintiff request the Court determine the issue of entitlement prior to submission on the issue of amount. Defendant requested a certain amount of fees, but the issue of entitlement must be determined first. Plaintiff request that the court determine if Defendant is entitled to their fees and if so, provide the parties with additional time to address the amount.

---

[1] Doc. 9

### II. Motion Doesn't Comply with Local Rules

Defendant's motion fails to comply with the local rules by failing to disclose the terms of Defendant's fee arrangement with her counsel, as is required by Local Rule. 7.3(a)(4). [2] As a result, Defendant's motion should be denied.

### III. California Anti-SLAPP Does Not Apply.

Ms. Panova asserts that she is entitled to her attorney's fees pursuant to California's anti-SLAPP statute, however the California law does not apply to these proceedings. Federal courts have declined to apply anti-SLAPP statutes like California's because they increase a plaintiff's burden to overcome pretrial dismissal, and thus conflict with Federal Rules 12 and 56. *See* Fed. R. Civ. P. 12, 56; Gov't Emples. Ins. Co. v. Glassco Inc., 2021 U.S. Dist. LEXIS 183510, *10 (M.D. Fla. Sept. 2021) (analyzing the differences between anti-SLAPP statutes and their conflicts with the Federal Rules); *see, e.g.*, La Liberte v. Reid, 966 F.3d 79, 83 (2d Cir. 2020) ("[W]e hold that California's anti-SLAPP statute is inapplicable in federal court because it increases a plaintiff's burden to overcome pretrial dismissal, and thus conflicts with Federal Rules of Civil Procedure 12 and 56."); *see also* Makaeff v. Trump Univ., *LLC*, 715 F.3d 254, 274-75 (9th Cir. 2013) (Kozinski, J., concurring) (discussing how California's anti-SLAPP statute conflicts with Federal Rules of Civil Procedure 11, 12, and 56, among others); Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1349 (11th Cir. 2018) (holding that Georgia's anti-SLAPP statute's motion-to-strike provision, which contained a "likelihood of success" test, conflicts with Federal Rules of Civil Procedure 8, 12, and 56).

Because California's anti-SLAPP law does not apply, Defendant's motion is due to be denied.

---

[2] The motion is also not verified as required by Local Rule 7.3(a)(7), but Defendant's attorney's declaration attached as an exhibit is.

### IV.  Florida Anti-SLAPP

Ms. Panova did not prevail on her Anti-SLAPP defense, therefore she is not entitled to attorney's fees at this juncture. Florida's anti-SLAPP statute prohibits a person from filing a cause of action "against another person or entity [1] without merit and [2] primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. § 768.295(3) (emphasis added); see also Fla. Stat. § 768.295(2)(a) (defining "[f]ree speech in connection with public issues" as "any written or oral statement that is protected under applicable law and . . . is made in or in connection with a with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work.").

The anti-SLAPP statute provides that "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." *Id.* § 768.295(4).

#### a.  The Court Has Not Made Any Determination on The Merits.

The Court cannot award fees pursuant to Florida's Anti-SLAPP statute unless and until it decides on the merits of the case and/or Ms. Panova's defense. Cases cited by Defendant involve dismissals ***after*** the court ruled on the merits of the claims and found that it violated the Statute. Thus far, the Court has requested that Plaintiff amend the complaint filed in state court because it violated the rule against fictitious party pleading in federal court. Then, the Court *sua sponte* requested that we amend the complaint for purposes of pleading facts to support diversity jurisdiction.

Plaintiff amended the complaint and filed a motion for remand, arguing that the court lacks jurisdiction over the claims and it is due to be remanded. At no point in time has the court made any ruling which goes to the merits of Defendant's anti-SLAPP defense. Indeed, the Court denied

4

Defendant's motion to dismiss as moot[3] and Plaintiff has claims pending against Ms. Panova's wholly owned company which have yet to be resolved.

The Court therefore cannot conclude that Plaintiffs' lawsuit was without merit and "primarily" filed to suppress Defendants' exercise of free speech. *See* WPB Residents for Integrity in Gov't, Inc. v. Materio, 284 So. 3d 555, 561 (Fla. 4th DCA 2019) ("The harm the statute seeks to prevent is the filing of the lawsuit for the purpose of suppressing the exercise of First Amendment rights."); Pierre-Paul v. ESPN Inc., No. 16-21156, 2016 WL 4530884, at *2 (S.D. Fla. Aug. 29, 2016) (denying Defendant's request for attorney's fees under Florida's anti-SLAPP statute where two of three counts in the complaint survived dismissal).

### b. Ms. Panova's Anti-SLAPP Motion Was Denied.

The statute only provides for "attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section"—in other words, fees and costs incurred in connection with the anti-SLAPP motion itself, not the entire action. Berisha v. Lawson, 378 F. Supp. 3d 1145, 1157 n.8 (S.D. Fla. 2018); Fla. Stat. § 768.295(4). As mentioned above, the Court dismissed Ms. Panova's motion to dismiss as moot when Plaintiff filed his Second Amended Complaint. She is no longer a party to this matter, but not because she prevailed on her anti-SLAPP motion. Because Ms. Panova's Anti-SLAPP defense motion was denied, she has no recoverable fees.

---

[3] Doc. 19

**CONCLUSION**

As Argued Above, and Pursuant to Local Rule 7.3 (a) and Federal Rule of Civil Procedure 54(d)(2)(C), Plaintiff requests that the Court determine entitlement prior to submission on the issue of amount. Further, for those reasons argued above Plaintiff requests that Ms. Panova's motion for attorney's fees is due to be denied.

Dated this 2nd day of April 2024.

ARCADIER, BIGGIE & WOOD, PLLC

/s/ Maurice Arcadier, Esquire
Maurice Arcadier, Esquire

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 2nd day of April 2024. Counsel of Record for all parties will receive notice of the electronic filing.

ARCADIER, BIGGIE & WOOD, PLLC

/s/ Maurice Arcadier, Esquire
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Attorney for Plaintiff
2815 W. New Haven, #304
Melbourne, Florida 32904
Phone: (321) 953-5998
Fax: (321) 953-6075
Email: Office@ABWlegal.com
Secondary: Arcadier@ABWlegal.com