UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,

     Plaintiff,

                                         Case No. 2:24-cv-14037-AMC

 v.

RUBIC, LLC,

     Defendant.

_____/

**KATERYNA PANOVA'S REPLY IN SUPPORT OF HER REQUEST FOR FEES**

Kateryna Panova files this brief reply in support of her motion for attorney's fees [ECF No. 18] to address Plaintiff Aleksey Tovarian's position in his response. [ECF No. 22]. Plaintiff's arguments are misplaced, and each is addressed in turn.

    I.      **Ms. Panova is asking the Court to determine entitlement, in addition to amount, and she is entitled to fees despite Plaintiff's contention that her motion was "denied."**

As an initial matter, Ms. Panova is not skipping a step, as Plaintiff suggests. [ECF No. 22 at 2 § I]. She is asking the Court to determine—based on the pleadings—that she is entitled to attorney's fees under the applicable anti-SLAPP statute, and that her requested fees are reasonable. [*See* ECF No. 18 at 3–8 (arguing entitlement under the anti-SLAPP statutes and as a prevailing party under Florida and California law)]. The Court can decide both entitlement and amount and Rule 7.3 expressly contemplates that. *See Murray v. Playmaker Servs., LLC.*, 2007 WL 4563483, at *1 (S.D. Fla. Dec. 19, 2007) ("Defendants correctly note that Local Rule 7.3 requires that a motion for fees address both entitlement and amount.") (declining to bifurcate entitlement and amount).

Next, contrary to Plaintiff's argument, the Court never substantively denied Ms. Panova's motion to dismiss the First Amended Complaint—denying it as moot after the filing of the operative Second Amended Complaint. [ECF No. 19]. And the Court also denied Ms. Panova's earlier motion to dismiss as moot when it dismissed the removed state court complaint on procedural grounds. [ECF No. 7]. Instead, faced with Ms. Panova's motion and the Court's warning to Plaintiff to consider those arguments, Plaintiff dismissed Ms. Panova as a party by operation of amendment.

As Ms. Panova explained in her fee motion, Plaintiff's voluntary dismissal of all[1] his defamation claims against her makes Ms. Panova the prevailing party. *Bongino v. Daily Beast Co., LLC*, 2021 WL 4976287, at *5 (S.D. Fla. Feb. 9, 2021), report and recommendation adopted, 2021 WL 4316099 (S.D. Fla. Sept. 23, 2021) (collecting cases).[2] The same is true whether the Court applies Florida or California law under the most-significant relationship test, as explained in the motion to dismiss and fee motion. [ECF No. 10 at 7–9; ECF No. 18 at 6–7]. The fact that the Court did not determine that Ms. Panova was entitled to fees under the applicable anti-SLAPP statute by substantively ruling on her motion to dismiss does not affect the relief she seeks now. The Court can now determine in the first instance whether she is entitled to those fees, as set forth in Rule 7.3. Ms. Panova argues that under both California and Florida anti-SLAPP statutes she is entitled to her reasonable attorney's fees because the primary purpose of the lawsuit—particularly against

---

[1] Plaintiff relies on *Pierre-Paul v. ESPN Inc.*, 2016 WL 4530884, at *2 (S.D. Fla. Aug. 29, 2016) to support denial of Ms. Panova's motion. But as Plaintiff notes in the parenthetical in his response, the court denied the request under the anti-SLAPP statute because certain claims survived. Here, Plaintiff dismissed all his claims against Ms. Panova.

[2] Plaintiff hangs his hat on the theory that Ms. Panova cannot recover fees because the cases she cites found entitlement prior to dismissal. But Rule 7.3 does not require the Court to determine entitlement prior to dismissal, and as the Court in *Bongino* makes clear, such pre-dismissal entitlement is not necessary under Florida law to determine who has prevailed.

Ms. Panova who did not write the subject article and was sued only because of her ownership of Rubic—was to silence Rubic's reporting on a matter of public concern. She, as the owner, was targeted with this lawsuit for no other legitimate reason than to endeavor to silence her publication's reporting. For those reasons, the Ms. Panova requests that the Court determine that she is entitled to her reasonable attorney's fees.

II.     **Plaintiff's arguments on whether the anti-SLAPP statutes apply miss the mark.**

Plaintiff also fundamentally misunderstands Ms. Panova's invocation of the anti-SLAPP statutes. [ECF No. 22 at 3–4 §§ III-IV]. He explains in detail how courts have declined to apply the procedural mechanisms in state anti-SLAPP statutes that violate or conflict with Rules 8, 12, and 56. [*Id.* at 3]. Ms. Panova addressed that in her motion, where she explained that she is not invoking the procedural mechanisms of the anti-SLAPP statutes. [ECF No. 18 at 4]. Ms. Panova stated that she "travels under that statute solely for the purpose of fee entitlement." [*Id.* (citing *Reed v. Chamblee*, 2024 WL 69570, at *6 (M.D. Fla. Jan. 5, 2024) (collecting cases for the proposition that despite the procedural mechanism, the "fee provision" in the Florida anti-SLAPP statute was enforced by "the tide of the Courts within the Circuit")]. Because Ms. Panova is not attempting to invoke the burden-shifting mechanisms of either statute—and she cannot as the case against her is already dismissed—she is simply asking for the Court to conclude that she is entitled to her attorney's fees under the "fee provision" of those statutes, whichever statute the Court concludes is applicable under its determination of choice of law.

III.    **Ms. Panova's motion procedurally complies with Rule 7.3 and Plaintiff failed to substantively object to reasonableness.**

As a final point, Plaintiff takes issue with Ms. Panova's fee motion on two procedural bases. First, he argues that the motion is not verified as required by Rule 7.3, but notes, correctly, that Ms. Panova's counsel provided a declaration attesting to the facts set forth in the motion.

There is no rule or requirement that prevents the motion from being verified by the filing of an accompanying affidavit or declaration. Second, he concludes that Ms. Panova did not set forth the terms of her fee arrangement with her attorney. But Ms. Panova did set forth the fee arrangement in her attorney's accompanying declaration. Therein, counsel averred that his rate in this matter is $500 per hour and he provided his time sheets for the applicable billing entries. [ECF No. 18-1 ¶ 9]. Local Rule 7.3 does not require anything further and Plaintiff's argument should therefore be dismissed. *Fernau v. Enchante Beauty Prod., Inc.*, 2021 WL 1520755, at *4 n. 5 (S.D. Fla. Mar. 11, 2021), report and recommendation adopted, 2021 WL 1152835 (S.D. Fla. Mar. 26, 2021), on reconsideration in part, 2021 WL 1923285 (S.D. Fla. May 13, 2021); *Asbun v. Resende*, 2016 WL 4272372, at *2 (S.D. Fla. Aug. 4, 2016) (requiring production of fee agreement but noting it is not required under Local Rule 7.3). Notwithstanding and in an abundance of caution, Ms. Panova appends her fee agreement to this reply. To the extent the Court agrees with Plaintiff that Ms. Panova's motion is deficient in this respect, she would ask that the Court deny the motion without prejudice to refiling. *Sriskada v. Harbor Pita, Inc.*, 2015 WL 4041298, at *1 (S.D. Fla. Jul. 1, 2015) (denying motion without prejudice to refile for failure to disclose fee arrangement).

As a final note, in conferral Plaintiff had the opportunity to ask for the fee arrangement or otherwise lodge procedural objections to the draft motion provided by email, he did not. In conferral and in response Plaintiff also had an opportunity to substantively object to the reasonableness of counsel's rates or his time spent in defending Ms. Panova in the motions to dismiss. He failed to object to the reasonableness of the hours expended and rates. The Court should find the rates and hours expended reasonable under these circumstances.

## Conclusion

For these reasons, Kateryna Panova respectfully requests that the Court grant her motion.

Dated: April 8, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Kateryna Panova*

5