UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:24-cv-14037-AMC

ALEKSEY TOVARIAN,

    Plaintiff,

v.

RUBIC, LLC

    Defendant.
_____/

## RUBIC'S OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to Rule 72, Defendant Rubic, LLC objects to the Magistrate Judge's Report and Recommendation denying its motion to dismiss Plaintiff Aleksey Tovarian's Second Amended Complaint ("SAC"). [ECF No. 32]. Rubic objects to the Magistrate Judge's report finding that Plaintiff's operative complaint sufficiently pleaded actual malice. As Rubic argued in its papers, Plaintiff alleged new facts to support actual malice after the Court cautioned Plaintiff to review Rubic's earlier motion to dismiss. In doing so, Plaintiff alleged new facts that contradicted allegations in the earlier complaint. Accordingly, Rubic argues that the Court should not rely on those facts. In the absence of those allegations, Plaintiff's complaint fails to demonstrate actual malice—the requisite degree of fault—and therefore should be dismissed.

### Standard of Review

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a *de novo* review of the record on that factual issue. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507 (11th Cir.1990). Legal

conclusions in a report and recommendation are subject to *de novo* review even in the absence of specific objections. *United States v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *United States v. Warren*, 687 F.2d 347, 347 (11th Cir. 1982).

### **The Report Errs in Finding that Plaintiff Adequately Pleaded Actual Malice**

In the Report and Recommendation, the Magistrate Judge finds that Plaintiff has adequately pleaded actual malice based on allegations in the operative SAC that an agent of Rubic reached out to Plaintiff and suggested that the subject article could be taken down if Plaintiff agreed to associate with Rubic. [ECF No. 32 at 12 (citing SAC ¶ 11, 23)]. The Magistrate Judge found that a "reasonable inference may be drawn that Rubic entertained doubts about the truthfulness of the Article's statements concerning" Plaintiff given those allegations. [*Id.*] The Magistrate Judge declined to consider evidence filed by Rubic to demonstrate the truthfulness of the statements in the subject article and therefore based on the four corners of the SAC found that Plaintiff had satisfied his burden.

But the Magistrate Judge erred in not considering Rubic's argument in its papers that the Court could and should disregard those allegations in the SAC. Plaintiff made those allegations about this quid pro quo or blackmail only after Rubic twice moved to dismiss earlier iterations of the SAC explaining that Plaintiff had not pleaded any facts to support actual malice. Essentially, Rubic argued that Plaintiff concocted this shake-down scheme to plead around the motions to dismiss.

In his original complaint, Plaintiff alleged the opposite of the shake-down he now claims. He alleged that Rubic was not going to take down the article, even after receiving a retraction letter, "because [Panova, Rubic's owner] is relying on an anonymous source." [ECF No. 1-2 ¶ 61]. Plaintiff acknowledged that the article and statement were not fabrications because he at first sought to unmask Rubic's then-anonymous source through a pure bill of discovery in the first

2

version of his Complaint. [*Id.* at Count V]. He sought to:

- "Identify the person or persons responsible for the libelous statements; and
- "Pursue a claim for defamation against the correct wrongdoer(s)."

[*Id.* at ¶ 64(a) & (b)]. Plaintiff wanted to sue the man who leaked the audio recording to Rubic.

Because the new allegations were a <u>transparent</u> attempt to defeat Rubic's dispositive defense on fault, Rubic argued that the Court should not consider them. [ECF No. 25 at 2 (collecting cases)].

In *Fernandez v. School Board of Miami-Dade County*, which Rubic cited, Judge Gayles looked to an earlier pleading that was superseded by an amended complaint because the court found that allegations in the later pleading were a transparent attempt to avoid estoppel defenses. 201 F. Supp. 3d 1353, 1361 at n.1 (S.D. Fla. 2016). The court wrote: "The Plaintiffs appear to have removed from the Second Amended Complaint allegations that appeared in the First Amended Complaint regarding the complaints for unlawful reprisal they filed with the Florida Department of Education and the proceedings that followed." *Id.* Judge Gayles determined that it was the rare occasion when a court could look to earlier pleadings when changed allegations were made in a "transparent attempt […] to avoid a dispositive defense…." *Id.* (quoting *Colliton v. Cravath, Swaine & Moore, LLP*, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009)). And although the allegations did "not explicitly **contradict** the allegations in the prior versions—given that the references to the unlawful reprisal proceedings have simply been removed—the Court has found no Eleventh Circuit authority that would bar the invocation of this exception under these specific circumstances—where plaintiffs have manipulated the allegations in their pleadings to avoid a dispositive defense." *Id.* (emphasis in original).

Here, unlike in *Fernandez*, Plaintiff did not simply delete allegations to avoid Rubic's fault defense, but he created a new elaborate scheme to allege that Rubic entertained doubts in its reporting. But that is not what Plaintiff said when he filed his original complaint. He said that after he sent a retraction letter to Rubic, Rubic's owner Kateryna Panova told him that "she was not going to take the article down because she is relying on an anonymous source. [She] refused to provide the anonymous source." [ECF No. 1-2 at ¶ 61]. First Plaintiff alleges that Rubic won't take down the article because it was sourced and then after Rubic argues Plaintiff cannot demonstrate actual malice, he states that Rubic offered to take down the article if Plaintiff agreed to advertise with Rubic. Those are contradictory allegations. The Court should see through Plaintiff's transparent and manipulative attempt to avoid Rubic's meritorious fault defense and consider those allegations in the original complaint.

And when disregarding those new allegations about the purported shake-down, Plaintiff cannot demonstrate the requisite degree of fault to satisfy a defamation claim. That is because he is a limited-purpose public figure, as explained in Rubic's moving papers, and there are no other allegations in the SAC that would lead one to believe that "instead of acting in good faith, [Rubic] actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Trump Media & Tech. Grp. Corp. v. WP Co.,* 2024 WL 1013188, at *4 (M.D. Fla. Mar. 8, 2024) (citation omitted).

## Conclusion

For these reasons, Defendant Rubic, LLC respectfully requests that the Court overrule the Magistrate Judge's findings in the Report and Recommendation [ECF No. 34], and grant Rubic's motion to dismiss the operative complaint. [ECF No. 17].

Dated: November 18, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Rubic, LLC*