UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:24-cv-14037-AMC

ALEKSEY TOVARIAN,

    Plaintiff,

v.

RUBIC, LLC

    Defendant.
_____/

**DEFENDANT RUBIC, LLC'S RENEWED[1] MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**

Pursuant to Rule 26, Defendant Rubic, LLC requests that the Court stay discovery and the Rule 26(f) conference requirements pending a ruling on its motion to dismiss [ECF No. 17] the operative Second Amended Complaint ("SAC") [ECF No. 14]. As grounds, Rubic states:

**I.    BACKGROUND**

Plaintiff Aleksey Tovarian brings this lawsuit for defamation against Rubic, a Russian-language online news publication, for a report it published about two Russian asylees who blog about Russian immigration through the Mexico border and sell cars and other packages to Russians in Mexico seeking to cross the U.S. border. *See, generally*, SAC; [ECF No. 4-1 (certified translation of subject article)]. Plaintiff originally brought this case in state court asserting that Rubic, its owner, and the source of its reporting in the subject article were liable for defamation.

---

[1] The Court previously struck Rubic's motion to stay on the basis that it did not contain a certificate of conference. However, the motion did contain one titled "Certificate of Good Faith Conference" after the Conclusion section and before the signature block as required by Local Rule 7.1(a)(3). [ECF No. 37 at 5]. The certificate here is on page 5 of this renewed motion after the Conclusion section and before the signature block as required by the Local Rules.

[ECF No. 1-2]. Indeed, in his original complaint, Plaintiff alleged that he needed a pure bill of discovery to identify Rubic's source because Rubic refused to take down the article after receiving a retraction letter. [ECF No. 1-2 ¶ 61]. Plaintiff claimed Rubic refused to take down the article "because [Panova, Rubic's owner] is relying on an anonymous source." [*Id.*]. Thus, Plaintiff sought to unmask Rubic's source in the state-court complaint:

- "Identify the person or persons responsible for the libelous statements; and
- "Pursue a claim for defamation against the correct wrongdoer(s)."

[*Id.* at ¶ 64(a) & (b)].

Rubic removed the case and moved to dismiss. The Court cautioned Plaintiff about his claims and in response to Rubic's motion to dismiss, Plaintiff revised his allegations, no longer claiming that Rubic refused to take down the article because it was based on a source, but that Rubic published the article as part of a shakedown, where if Plaintiff paid Rubic, Rubic would remove the article. *See* SAC ¶¶ 11, 23. Rubic again sought dismissal and explained that the Court should disregard Plaintiff's new allegations, as they blatantly contradicted his earlier ones. [ECF Nos. 17, 25].

The Magistrate Judge issued a report and recommendation denying the motion to dismiss the SAC, in part because Plaintiff's allegations about a shakedown demonstrated fault. [ECF No. 32]. And Rubic objected on the basis that Plaintiff could not demonstrate the requisite degree of fault when considering that the new allegations on fault were plainly contradicted by earlier allegations that Rubic never intended to remove the article. [ECF No. 34]. The Court has not yet ruled on the objections.

In all that intervening time, Plaintiff had made no effort to engage in any discovery in the case, including requesting to hold a Rule 26(f) conference. Then, on February 28, 2025, Plaintiff issued the attached written discovery requests to Rubic. *See* Discovery Requests, attached as

2

**Exhibit A**. In response, the undersigned immediately informed Plaintiff's counsel that the discovery was premature as the parties had not conducted a Rule 26(f) conference and that Rubic would ask that the parties await a ruling on its objection to the Report and Recommendation prior to engaging in any discovery. *See* Email Correspondence, attached as **Exhibit B**. Plaintiff's counsel opposed such request and asked to coordinate a Rule 26(f) conference.

Because Rubic argues that the SAC must fail because Plaintiff cannot demonstrate fault when considering the original allegations and not those that plainly contradict them in the SAC, Rubic seeks a brief stay of the requirement to hold a Rule 26(f) conference or engage in discovery until the Court has ruled on its objections to the Report and Recommendation.

**II.    MEMORANDUM OF LAW**

    **A. Legal standard.**

Federal district courts have "'broad discretion to stay proceedings as an incident to its power.'" *Gibbons v. Nationstar Mtg.*, 3:14-cv-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A district court "may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering, among other factors, the needs of the case, the parties' resources, and the importance of the discovery in resolving the issues at stake in the action." *Id.*

The Eleventh Circuit has stated that dispositive motions filed before the commencement of discovery weigh heavily in favor of issuing a stay. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (stating that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]").[2] When such a motion is pending, a brief, temporary stay of

---

[2] Some authority suggests that *Chudasama* and progeny "stand for the narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount," not

discovery spares the parties from engaging in discovery that is unnecessary to the threshold question posed in the motion. The Eleventh Circuit explained: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court has any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367 (footnote and citation omitted). Resolving motions to dismiss prior to commencing discovery saves the litigants and the court time and resources: "If a district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. Therefore, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage . . . ." *Id.*

In deciding whether a stay of discovery is appropriate, the Court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and completely eliminate the need for such discovery." *Gibbons*, 2015 WL 12840959, at *1 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1996)). Thus, while the Court "need not decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Heghmann v. Hafiani*, No. 3:20-cv-670-BJD-JBT, 2021 WL 8775756, *1 (M.D. Fla. Feb. 22, 2021) (quoting *Feldman*, 176 F.R.D. at 652–53) (internal quotations omitted).

---

that discovery should be stayed any time there is a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). However, as explained here, the Court should find that the equities weigh in favor of a stay based on the realities of the asserted claims in this case.

### B. Rubic's motion is case dispositive.

A stay is warranted here because a "preliminary peek" at Rubic's motion, reply and objections demonstrates that its arguments are case dispositive. As thoroughly discussed in those papers, Plaintiff fails to state a claim for defamation because he cannot demonstrate fault.

Because the claims are not plausible on their face, Rubic argues that the equities weigh in favor of a brief stay of the Rule 26(f) conference and discovery pending the Court's determination on its pending motion to dismiss. *DeBoskey v. SunTrust Mortg., Inc.*, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (recognizing "the harm, if any, to Plaintiff in temporarily staying discovery would be minimal compared with Defendants' burden of providing discovery concerning causes of action that may be dismissed"). Simply put, "it is in everyone's best interest to eliminate potentially non-meritorious claims before discovery begins." *See Toliver v. Bank of Am., N.A.*, 2013 WL 12161877, at *1 (M.D. Fla. Aug. 19, 2013). Allowing the Court time to rule on the pending motion to dismiss before requiring Rubic to participate in discovery will ensure that time and resources of the parties and the Court are not wasted.

### III. CONCLUSION

For these reasons, Defendant Rubic, LLC requests that the Court stay the requirement to hold a Rule 26(f) conference or engage in discovery until it has ruled on the pending motion to dismiss and objections to the Report and Recommendation denying the same.

### Certificate of Good Faith Conference

I hereby certify that I conferred in good faith with counsel for Plaintiff on the relief requested herein. Plaintiff opposes the relief requested herein.

Dated: March 6, 2025

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Rubic, LLC*