# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                              CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RUBIC, LLC.

Plaintiff by and through the undersigned attorney, requests that Defendant, **RUBIC, LLC** pursuant to Rule 34, Federal Rules of Civil Procedure, produces for inspection all documents herein described in its possession, custody or control within thirty (30) days after the date of service.

### I.-INSTRUCTIONS AND DEFINITION OF TERMS

A.    **Instructions**.

    1.    Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

    2.    The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

3. This document request is intended to cover all documents in the possession of said party or subject to its custody or control, including information in the possession, custody or control of his attorneys, accountants, investigators, experts, employees, agents and any other persons employed on its behalf, and not merely such information as is known of his own personal knowledge.

4. This request is continuing to the extent permitted by the Federal Rules of Civil Procedure.

5. Whenever appropriate, the singular form of a word should be interpreted in the plural.

B. **Definitions**. For purposes of this Request for Production of Documents, the following words will have the meaning indicated below:

1. "You," "Your," or "Defendant" means RUBIC, LLC. or its attorneys, agents and/or representatives.

2. "Plaintiff" means ALEKSEY TOVARIAN and its officers, directors, employees and/or representatives.

3. "Person(s)" refers to and includes any individual, natural person, corporation, general partnership, limited partnership, joint venture, association, joint stock company, trust, incorporated organization, or other business association or entity, and any government or governmental body, commission,

board or agency, or political subdivision thereof, and other non-natural persons of whatever nature.

4. The term "affiliate" of another person or entity refers to a person or entity that, directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, such other person or entity.

5. "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non- identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic, electronic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, intra and inter office communications to, between or among directors, officers, agents, attorneys, accountants or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files,

printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

6. The word "communication," or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies or telexes, or by any document, and any oral contact such as face to face meetings and telephone conversations.

7. "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

8. "Or" and "and" each mean "and/or". "All" shall be understood to include and encompass "any".

9. "Concerning", "evidencing" or "relating to" or any variant thereof includes referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

10. "Relevant Time Period" is June 1, 2022-present.

11. The "Article" shall refer to the article at issue in the above styled action and referenced in Paragraph 7 of the Amended Complaint.

12. TeachBK shall refer to the entity identified as Teach BK in the

Article.

## II. PLACE OF PRODUCTION

You are requested to produce copies of the documents designated in Part III hereof at the office of ARCADIER, BIGGIE AND WOOD PLLC., 2815 W. New Haven, Suite #304, Melbourne, Florida 32904 within thirty (30) days of service of this First Request for Production upon you. ARCADIER, BIGGIE AND WOOD, PLLC, will reimburse you for all reasonable expenses pursuant to the Rules of Civil Procedure.

## III. DOCUMENTS TO BE PRODUCED

1. All documents used or referenced to answer Plaintiff's First Interrogatories.
2. All documents, notes, diaries, and/or recordings used to write the article regarding Aleksey Tovarian.
3. Copies of all videos, audio or still photography obtained on Aleksey Tovarian whether it was used or not to write or publish with the article.
4. All documents showing Plaintiff engaged in Kickbacks from TeachBK.
5. All video, audio or still photography showing Mr. Tovarian accepting Kickbacks from TeachBK.
6. Any communications you had with Mr. Tovarian or his office regarding setting a time to interview him.

7. All communication sent to Mr. Tovarian in an attempt to verify the statements in the article.

8. All communication from the author of the article regarding Mr. Tovarian during the relevant time period.

9. All documents identifying those assigned to the article regarding Mr. Tovarian

10. All documents identifying who conducted the research for the article on Mr. Tovarian.

11. All internation communications regarding Mr. Tovarian during the relevant time period.

Respectfully submitted on this 28th day of February 2025.

                                                   ARCADIER, BIGGIE AND WOOD, PLLC.

                                                   */s/ Joseph C. Wood, Esquire*
                                                   Joseph C. Wood, Esquire

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing was emailed to Counsel for the Defendants on this 28th day of February 2025.

**ARCADIER, BIGGIE AND WOOD, PLLC.**

/s/ *Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 093839
Primary Email: Office@ABWlegal.com
Secondary Email: arcadier@ABWlegal.com
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Phone: (321) 953-5998
Fax: (321) 953-6075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                                  CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
    Defendants.
_____/

**PLAINTIFF'S FIRST WRITTEN INTERROGATORIES TO RUBIC, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, RUBIC, LLC, is required to answer in writing and under oath the following interrogatories within thirty (30) days of the date of service.

**INSTRUCTIONS**

The following definitions apply to these Interrogatories:

a) The terms "YOU," "YOUR" and "DEFENDANT" refer to Defendant, RUBIC, LLC., by and through its attorney and all officers, directors, agents, employees or other persons or entities related to the Defendants' acting on its behalf during the relevant period.

b) The term "PLAINTIFF" shall refer to Plaintiff, ALEKSEY TOVARIAN by and through Plaintiff's attorney and all agents or other entities related to Plaintiff acting on his behalf during the relevant time period.

c) As used herein, the terms "DOCUMENT" or "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Civil Procedures, including, without limitation, electronic or computerized data compilations.  The words "document" or "documents" shall include, without limiting the generality of the foregoing, correspondence, agreements, memoranda, calendar and diary entries, memoranda of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, news-letters, compilations, maps, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, and all other tangible things upon which any handwriting, typing, printing, drawings, representations, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information, all internet and cellular network based methods of communication including without limitation text messaging, audio and video conferencing (such a Skype®), social network based message exchange (such as Facebook®), that is your possession, reasonably within your control, or accessible to you.  A draft or non-identical copy is a separate document within the meaning of this term.

d) The words "PERSON" or "PERSONS" mean all natural persons ("individual" or "individuals") and entities, including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

e) "COMMUNICATION" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, electronic mail, all internet and cellular network based methods of communication including without limitation text messaging, audio and video conferencing (such a Skype®), social network based message exchange (such as Facebook®), document, or otherwise.

f) "Or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

g) As used herein, the term "identify" means, when used in connection with a person or entity, to state the full and complete name, address, telephone and facsimile transmission number, and e-mail address of such person or entity.

h) As used herein, the term "identify" means, when used in connection with a document, to state the full and complete name, address, telephone of the

author(s), recipient(s), and the person(s) currently in possession of the document.

i) Relevant time period: June 1, 2022- present.

j) The "Article" shall refer to the article at issue in the above styled action and referenced in Paragraph 7 of the Amended Complaint.

k) TeachBK shall refer to the entity identified as Teach BK in the Article.

## INTERROGATORIES

1. Identify the authority, responsibilities and involvement of Kateryna Panova with Rubic, LLC.

2. Identify the author and any contributors to the article printed and produced regarding Mr. Tovarian.

3. Identify all owners/members of RUBIC, LLC. (included any operators, shareholders, etc.).

4. Identify who was responsible for obtaining the footage used in the article regarding Mr. Tovarian.

5. Identify what documents/notes were used to write the article pertaining to Mr. Tovarian.

6. Identify all documents that show Plaintiff engaged in Kickbacks from TeachBK or engaged in any other unethical practices related thereto.

7. Identify when and how you interviewed Mr. Tovarian for this article.

8. Identify all those working on or contributing to the article and their task description.

9. Identify all individuals who provided information for the drafting and publication of the article.

Respectfully submitted.

                          ARCADIER, BIGGIE & WOOD, PLLC

                          */s/ Joseph C. Wood, Esquire*
                          Joseph C. Wood, Esquire

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing was emailed to Counsel for the Defendants on this 28th day of February 2025.

ARCADIER, BIGGIE & WOOD, PLLC

*/s/Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 093839
Primary Email: Office@ABWlegal.com
Secondary Email: wood@ABWlegal.com
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Phone: (321) 953-5998
Fax: (321) 953-6075

## VERIFICATION PAGE

_____
Signature

_____
Title

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____as identification, who deposes and says that he/she has read the Answers to Interrogatories and knows the contents thereof, and that the Answers given are true and correct, and who (did/did not) take an oath.

SWORN TO AND SUBSCRIBED before me in my presence, this _____ day of _____, 2025.

_____
Notary Signature

Printed Name:_____

Notary Public-State of _____

My Commission Expires:_____