UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:24-cv-14037-AMC

ALEKSEY TOVARIAN,

    Plaintiff,

v.

**Jury Trial Demanded**

RUBIC, LLC

    Defendant.

_____/

**DEFENDANT RUBIC'S ANSWER AND DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Rubic, LLC ("Defendant") hereby answers the Second Amended Complaint ("SAC") filed by Plaintiff Aleksey Tovarian ("Plaintiff") as follows. Unless specifically admitted below, Defendant denies each and every allegation, claim, and prayer for relief contained in the SAC. As set forth herein, Defendant requests attorney's fees and costs in its defense of this lawsuit pursuant to section 768.295, Florida Statutes.

**PARTIES AND JURISDICTION**

1. Defendant admits that Plaintiff seeks damages of more than $50,000 but less than $75,000 exclusive of fees and costs as set forth in paragraph 1 of the SAC. Defendant otherwise denies the allegations in paragraph 1 of the SAC, including that Plaintiff is entitled to any damages.

2. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 2 of the SAC, and on that basis, denies those allegations.

3. Defendant has insufficient knowledge to admit or deny the allegations contained

in paragraph 3 of the SAC, and on that basis, denies those allegations.

4. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 4 of the SAC, and on that basis, denies those allegations.

5. Defendant denies the allegations in paragraph 5 of the SAC.

6. Defendant admits that Rubic is organized as a limited liability company under the laws of the State of Florida. Defendant further admits that according to Florida Department of State filings, Rubic has listed Kateryna Panova as its sole member. Defendant further admits that the records on the Florida Department of State listed an address associated with Rubic in Stuart, Florida. Defendant further admits that Kateryna Panova is a resident of the State of North Carolina. Defendant otherwise denies the remaining allegations in paragraph 6 of the SAC.

7. Defendant admits the allegations in paragraph 7 that Rubic maintains an online website. Whether "Defendant is considered media pursuant to law" is a conclusion of law and no response is required. To the extent a response is required, those allegations are denied. Defendant otherwise denies the remaining allegations in paragraph 7 of the SAC.

8. Defendant admits that its website, in part, publishes information to Russian speakers about life in the United States, immigration, and concerns to immigrants from Russian-speaking countries. Defendant otherwise denies the allegations in paragraph 8 of the SAC.

9. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 9 of the SAC, and on that basis, denies those allegations.

10. Defendant admits that its website contains a list of lawyers in several states. Defendant otherwise denies the allegations in paragraph 10 of the SAC.

11. Defendant denies the allegations in paragraph 11 of the SAC.

12. Defendant denies the allegations in paragraph 12 of the SAC. Plaintiff is listed as

an attorney on Rubic's website and has provided interviews to Rubic that are identified in other reports on Rubic's website.

13. Defendant admits the allegation in paragraph 13 of the SAC that it published the article attached as Exhibit A to the SAC (the "Subject Article") on or about June 2023. Defendant otherwise denies the allegations in paragraph 13 of the SAC as the Subject Article speaks for itself.

14. Defendant denies the allegations in paragraph 14 of the SAC.

15. Defendant admits that the Subject Article was published in the Russian language. Defendant otherwise denies the allegations in paragraph 15 of the SAC.

16. Paragraph 16 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

17. Paragraph 17 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

18. Paragraph 18 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

19. Paragraph 19 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

20. Paragraph 20 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

21. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 21 of the SAC, and on that basis, denies those allegations.

22. Paragraph 22 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

23. Defendant denies the allegations in paragraph 23 of the SAC.

24. Defendant denies the allegations in paragraph 24 of the SAC.

### COUNT I – Defamation

25. Defendant incorporates all admissions and denials to each allegation contained in paragraphs 1 through 24 above.

26. Paragraph 26 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

27. The Subject Article, in its original Russian, speaks for itself. Plaintiff has not provided a translation of the Subject Article. Defendant denies that the Subject Article is in anyway libelous or false. Defendant otherwise denies all other allegations in paragraph 27 of the SAC.

28. Defendant denies the allegations in paragraph 27 of the SAC.

29. Paragraph 29 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

30. Paragraph 30 of the SAC consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

31. Defendant admits that the Subject Article was published in the Russian language. Defendant otherwise denies the allegations in paragraph 31 of the SAC.

32. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 32 of the SAC, and on that basis, denies those allegations.

33. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 33 of the SAC, and on that basis, denies those allegations.

34. Paragraph 34 of the SAC consists of conclusions of law and no response is

required. To the extent a response is required, the allegations are denied.

35. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 35 of the SAC, and on that basis, denies those allegations.

## JURY DEMAND

Defendant Rubic, LLC demands trial by jury or all issues so triable.

## DEFENSES TO THE SAC AND REQUEST FOR ATTORNEY'S FEES

Further responding to the SAC, Defendant Rubic, LLC asserts the following defenses and affirmative defenses without admitting that its bears the burden of persuasion or presentation of evidence on any of these matters.

1. Plaintiff's complaint is barred because it violates section 768.295, Fla. Stat. (Florida's Anti-SLAPP law). Plaintiff's SAC is without merit and in retaliation for Defendant's exercise of its free speech rights.

2. Plaintiff's claims are barred because any statements, or any implications allegedly derived therefrom, are protected by the First Amendment of the United States Constitution and Article 1, Section 4 of the Florida Constitution because they were made on a matter of public concern. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred because any statements, or any implications allegedly derived therefrom, are privileged. For example, the common law privilege to provide fair comment and criticism.

4. Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, are false, as required by applicable law.

5. Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, were not true or substantially true.

6. Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, read in the context in which they were made, are not capable of defamatory meaning.

7. Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, constitute statements of opinion, rhetorical hyperbole, or statements that cannot demonstrably be proven true or false.

8. Plaintiff's claims are barred because Plaintiff cannot sustain its burden of providing that the statements, or any implications allegedly derived therefrom, were not made with the requisite degree of fault required, be that actual malice or negligence, to support the alleged cause of action.

9. Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because the statements do not reasonably convey the implications Plaintiff has alleged.

10. Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because Defendant did not intend any of the implications Plaintiff has alleged and Plaintiff cannot establish that the implications were made with the requisite level of fault required.

11. Plaintiff's claims are barred to the extent they are based on allegedly false and defamatory implications because the implications Plaintiff has alleged are based on alleged facts Plaintiff claims are themselves false.

12. Plaintiff's claims are barred to the extent Plaintiff has failed to fully comply with all conditions precedent to bringing the complaint, including but not limited to providing sufficient notice required by Section 770.01, Florida Statutes.

13. Plaintiff's claims are barred to the extent Plaintiff has not suffered any damage actually or proximately caused by Defendant. To the extent Plaintiff has suffered any damage to its business, such damage cannot be reasonably linked to the Subject Article.

14. Plaintiff's claims are barred to the extent Plaintiff has not shown any special damages proximately caused from the alleged defamatory statements. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So.2d 279, 281 (Fla. 1st DCA 1977).

15. Plaintiff's claims are barred because if Plaintiff were damaged, which Defendant denies, it was damaged by the conduct of persons other than Defendant, including Plaintiff himself, and former and current clients and/or employees or representatives of Plaintiff's business.

16. Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate any damages allegedly caused by Defendant.

17. Plaintiff's claims are barred because he has suffered no reputational harm, as any statements upon which its claims are based, or any implications allegedly derived therefrom, are consistent with his reputation in the community.

18. Plaintiff's reputation was so tarnished prior to the allegations that give rise to this complaint that Plaintiff is libel-proof. Specifically, Plaintiff is libel-proof for at least the

following reason: Plaintiff has a documented history of client dissatisfaction and allegations of improper business practices.

19. Plaintiff's request for injunctive relief is barred on the ground that the complaint does not assert any independent ground for invoking equitable jurisdiction.

20. Plaintiff's request for injunctive relief is barred on the ground that Plaintiff asserts a remedy at law.

21. Plaintiff's request for injunctive relief is barred under the First Amendment as an invalid prior restraint on Defendant's speech.

WHEREFORE, Defendant Rubic, LLC requests entry of judgment in its favor, its attorney's fees and costs pursuant to section 768.295, Florida Statutes, and such other and further relief as the Court deems appropriate.

Dated: March 13, 2025

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
9000 Dadeland Blvd #1500
Miami, Florida 33156
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Defendant Rubic, LLC*