UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ALEKSEY TOVARIAN,
    Plaintiff,

v.                                                    CASE NO. 2:24-cv-14037-AMC

RUBIC, LLC,
    Defendant.
_____/

**JOINT SCHEDULING REPORT AND DISCOVERY PLAN
PURSUANT TO FED. R. CIV. P. 16(b) AND 26(f) AND LOCAL RULE 16.l(b)**

Plaintiff ALEKSEY TOVARIAN ("Plaintiff') and Defendant RUBIC, LLC ("Defendant"), through undersigned counsel and pursuant to F.R.C.P. 16(b) and 26(f), and L.R. 16. l(b), file this Joint Scheduling Report and Discovery Plan, as follows:

1. On March 20, 2025, a telephonic meet and confer took place between counsel for all parties to this action.

2. As directed by this Court's Order the Parties discussed the following matters covered by Local Rule 16.1(b)(2):

**REPORT OF LOCAL RULE 16.1.(b) CONFERENCE**

**A. Likelihood of Settlement**.

The likelihood of settlement is unknown currently, though the parties agree to make a good faith effort to consider settlement of this matter.

### B. The Likelihood of Appearance of Additional Parties.

The Parties may seek to add additional parties as warranted by the pleadings and factual developments in discovery, and as permitted by the applicable law, civil rules, this Court's local rules, and the scheduling orders of this Court. However, Defendant adds that the Court has held that Plaintiff is not entitled to further amendments of his complaint. [ECF No. 41 at 7].

### C. Proposed Limits on Time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery.

These deadlines are addressed in the Proposed Scheduling Order, *infra.*

### D. Proposals for the Formulation and Simplification of Issues.

None at this time. The Parties will continue to explore the possibility of simplifying issues for trial throughout this litigation.

### E. Necessity or Desirability of Amendments to Pleadings.

The parties may amend pleadings on or before the deadlines proposed in the Scheduling Order, infra, and established by the Court. Any additional amendments shall be for good cause, upon leave of Court, if and as permitted under the applicable law.

### F. The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.

None at this time. In conjunction with preparation of the Joint Pretrial Stipulation, counsel will confer regarding the authenticity of documents, the possibility of entering any stipulations, and any need for advance rulings from the Court on the admissibility of evidence.

**G. Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence.**

None at this time. In conjunction with the preparation of the Joint Pretrial Stipulation, the Parties will confer regarding ways to avoid unnecessary proof and cumulative evidence.

**H. Suggestions for the Advisability of Referring Matters to Magistrate Judge or Master.**

The Parties do not agree to refer any matters to a Magistrate Judge or master at this time.

**I. Preliminary Estimate of the Time Required for Trial**.

The parties currently estimate that trial of the action will take between three (3) and five (5) days.

**J. Requested Dates for Pretrial Conference and Trial**.

The Parties request that this cause be set for trial during the Court's trial period commencing in May 2026.

**K. Additional Information.**

None at this time.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None at this time.

## FEDERAL RULE OF CIVIL PROCEDURE SECTION 26(F) DISCOVERY PLAN

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to a **4/3/2025** deadline to exchange Rule 26(a) Initial Disclosures via email.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties anticipate conducting discovery appropriate to the Federal Rules and the Local Rules. The Parties have agreed on a schedule for discovery as outlined above and in Exhibit A.

C. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate the discovery of electronically stored information and will work in good faith to resolve any issues should they arise, including to prepare a protocol governing the production of such information as necessary.

> **D.    Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert those claims after production-whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties anticipate that the rules of procedure, rules of evidence, and applicable statutes sufficiently address any issues that may arise. The parties will work together to resolve any issues related to privilege or protection before involving the com1.

> **E.    What changes should be made in the limitation on discovery imposed under these rules or by local rule and what other limitations should be interposed.**

The Parties do not propose any modifications to the limitations on discovery imposed under the rules or any additional limitations.

> **F.    Any other orders that the Court should include under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

Respectfully submitted,

| ARCADIER, BIGGIE & WOOD, PLLC | SLATER LEGAL PLLC |
|---|---|
| */s/ Joseph C. Wood, Esquire* | */s/ James M. Slater* |
| Joseph C. Wood, Esquire | James M. Slater |
| Florida Bar No.: 0093839 | Florida Bar No.: 111779 |
| 2815 W. New Haven, Suite 304 | 9000 Dadeland Blvd #1500 |
| Melbourne, Florida 32904 | Miami, Florida 33156 |
| Primary Email: office@abwlegal.com | james@slater.legal |
| Secondary: wood@abwlegal.com | Phone: (305) 900-7531 |
| Phone: (321) 953-5998 | |
| Fax: (321) 953-6075 | |